## THE PEOPLE *ex rel.* DOWNER *v.* NORTON.

RELATOR conveyed to Y. one-third of certain real estate, in consideration that Y. should attend to a suit pending in the name of relator, for the recovery of the property. Y. employed an attorney to conduct the suit, the attorney of plaintiff being discharged. Relator moved the Court below to substitute another attorney in place of the one employed by Y. Court refused to grant the motion—the only reason urged for the substitution being, that Y. had neglected to prosecute the suit; and it not being shown that the agreement between him and relator had been canceled by the parties. Relator applies to this Court for *mandamus*: *Held*, that the writ lies; that the agreement between relator and Y. does not exclude the former from the right to prosecute the suit, and employ such attorney as he chooses; that the exercise of this right will not affect any right Y. may have in the property or suit; that he may intervene, if a proper case be made, or prosecute his rights independently, or wait until a recovery, and then claim his rights under the contract with relator.

APPLICATION to the Supreme Court for a *mandamus* to the Judge of the Twelfth District.

The application is based upon an affidavit by relator, setting forth, in substance, that he is plaintiff in the suit of *George Downer* v. *Henry Thompson*, pending in the Twelfth District Court; that the suit was instituted for him by Messrs. F. M. & H. H. Haight, attorneys at law, in 1856, for the recovery of one hundred vara lot, No. 39, in the city of San Francisco, and by them conducted until April 10th, 1858, when relator entered into an agreement with one Yountz by which he agreed to take charge of, and to prosecute the suit to final judgment, at his own expense—without cost or expense to relator—in consideration of an undivided one-third interest in said lot; which relator on that day conveyed to said Yountz, and at the same time settled with the Messrs. Haight, who withdrew from the cause, and ceased thenceforth to be the attorneys of relator; that, after making said agreement, Yountz employed E. L. Goold, an attorney at law, to conduct the case for him; and that on the sixth of November, 1858, the cause was referred, by stipulation, signed by Goold as attorney for plaintiff, and E. W. F. Sloan for defendant, to J. P. Treadwell to try the issues of law and fact and report a judgment; that various proceedings were had therein, until the eighteenth of November, 1859, when the cause was closed by Goold upon the part of plaintiff, since when, no steps have been taken—Goold having soon thereafter left the State, and continued absent ever since; that since said eighteenth of November, relator has frequently urged

Yountz to proceed with the cause, and comply with his agreement, but without effect; that said Goold has never been substituted as attorney of record in the cause, by any order of Court, nor has he been employed by relator, but has appeared solely at the instance and request of Yountz, and as his attorney; that in March, 1860, relator employed S. O. Houghton, an attorney at law, to appear and conduct said cause on behalf of plaintiff; and a motion was made before said Twelfth District Court, to substitute Houghton as attorney of record, in the place of the Messrs. Haight; that the motion—notice of which had been served on A. C. Whitcomb, who had the management of the business of said Goold during his absence from the State, and on said Haights—was opposed by Whitcomb on behalf of Goold and Yountz, the Messrs. Haight not appearing, and in accordance with an order of the Court, plaintiff and Yountz filed affidavits setting forth the facts, upon which, the motion for substitution was subsequently denied.    The application of relator also states, that Yountz had no intention of further prosecuting the suit; that the undivided two-thirds of the lot belong to relator, and that a suit has been brought, and is now pending, by relator against Yountz, for the other one-third, because of the failure of Yountz to comply with his agreement, and to rescind the same; and that relator is unable to enforce his rights to said property, which is worth $30,000, unless he be permitted to select his own attorney.

In compliance with the order of the Court on the hearing of the motion, relator filed his affidavit, setting up the foregoing facts, and further, that the rent of the lot was worth four hundred dollars per month; that Yountz was insolvent, possessed of no property, etc., and that his creditors were recording judgments against him, so as to become a lien on the lot.

In answer, Yountz files his affidavit admitting the agreement, as stated by relator; the withdrawal of the Messrs. Haight, and his employment of Goold; and setting up, among other things, that the Messrs. Haight, at the written request of relator, substituted Goold as attorney of record in the cause, and that Goold, aided by affiant in person, took the testimony, and faithfully conducted the case before the referee; that affiant has not neglected the cause, but has been unavoidably delayed therein by the necessary absence of Goold at Washington, who is expected back by the next steamer; that relator has never, since said agreement, claimed or exercised any control over the cause, until the present motion; denies insolvency; says the lot is worth $60,000; and

Downer *v.* Norton.

that he will be able to pay his debts independent of his interest therein; and that Houghton is young and inexperienced, and unacquainted with titles in San Francisco.

There was, also, filed a substitution of Goold, as attorney of record, in place of the Messrs. Haight, signed by them, dated April, 1860, stating that it was intended to take the place of a similar substitution given a year or more ago, but now lost or mislaid.

The Supreme Court granted an alternative writ. The District Judge answered, in effect, that he refused the substitution, because the agreement between relator and Yountz was still in force, and that under it, Yountz was a coöwner of the property, specially empowered to manage the cause, by a power of attorney, coupled with an interest, and had a right to continue his own attorney.

*Halleck, Peachy & Billings,* for Relator.

I.   *Mandamus* is the proper remedy.   (4 Cal. 179 ; 7 Id. 276 ; Id. 133 ; 1 Id. 190 ; 10 Id. 215 ; 23 Wend. 461.)

II.   A client has the right, on proper motion and notice, to change his attorney of record at his own pleasure, without alleging cause ; and, if he be obliged to allege cause, sufficient is shown in this case.

The relation between client and attorney is a personal relation—the latter is an agent, and must have the authority of the former ; and hence, the client has an absolute right to withdraw his authority from the attorney, and substitute another in his place. (Wood's Dig. 66 ; 1 Graham's Practice, 199, 245 ; 4 How. (Miss.) 333 ; 3 Monroe, 191–4; Id. 71 ; 1 Bailey, 448 ; 3 Harrington, 15 ; 1 Bibb, 547 ; 3 J. J. Marshall, 184 ; 4 Met. 333 ; 1 Ala. 249 ; 7 Porter, 556 ; 3 Brev. 426 ; 1 Troubat & Haley, 228.)   If the relator be compelled to show cause, then it is shown.   1. Goold was never employed by him, and had no right to appear for him.   2. He was never duly substituted by the Messrs. Haight as attorney of record.   3. They had no authority to substitute him.   (Breese, 63 ; 7 Porter, 556 ; 1 Ala. 249.)   4. The substitution was made after the Haights had withdrawn their own names as attorneys, and the client had employed other counsel.   5. The absence of Goold, and the consequent neglect of the case, were sufficient to justify ˋ his removal as attorney of record.

*S. O. Houghton,* also for Relator.

I.   The Court has original jurisdiction to issue writs of *mandamus.*

The Legislature has conferred the jurisdiction. (Const. art. 6, sec. 4; 7 Cal. 130; Smith's Com. 312, sec. 179 *et seq.;* Pr. Act, secs. 467–8, 653.)

II.   A party to the record cannot be compelled to show cause, before an order of substitution of attorney of record will be made, but the attorney sought to be displaced must show why it should not be done; and the order of substitution follows as of course, unless the attorney shows that he will be deprived of his rights thereby.

III.   Conceding that relator must show good reason for the substitution in this case, he does so by showing himself to be undisputed owner of two-thirds of the property, and claimant of the whole; a party to the record, and liable for all costs; and that Yountz has failed to carry out his agreement to prosecute the cause. Relator had power to revoke his permission to Yountz to conduct the suit, and has nothing to do with Goold.

*E. L. Goold,* for Respondent.

1. The relator conveyed to John Yountz one-third of the property in controversy, and empowered him to take complete control of the conduct of the cause.

2. Of course Yountz, having a power of attorney, coupled with an interest, could not be deprived of the services of the counsel of his choice. The relator, having received the benefit of Yountz's services, rendered even unto the closing of the case on the part of the relator, took from Yountz a valuable consideration for the conveyance of the one-third, and while this conveyance remains operative, the relator must stand by his contract to surrender the management of the cause to Yountz.

3. The relator says, a suit is pending to cancel this contract. *Non constat* that this effort will succeed. The facts involved there, cannot be tried here. The sole pretense is, that there was delay in the prosecution of the cause. The reasons for that are not to be discussed. Fewer contests have been lost by a judicious pause, than have been gained by precipitancy.

4. The relator, in order to succeed, must show that a litigant cannot divest himself of the power of naming his counsel.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an application for a *mandamus* to compel the Judge below to allow the substitution of an attorney in a case pending in the Twelfth District, in which case relator is plaintiff.

1. The ground of the refusal of the Court to grant the order of substitution seems to have been, that it appeared that the plaintiff had conveyed to one Yountz, one-third of the premises (real estate) in suit, in consideration of Yountz attending to the case as his agent; that Yountz had employed a gentleman of the law to bring the suit, and that the only reason urged in support of the motion was, that Yountz had violated his agreement, by neglecting to prosecute the suit; that it had not been shown that this agreement had been canceled by the parties or declared void.    There seems to have been no express agreement that Yountz should take the exclusive management of the case, or that the plaintiff should have no right to interfere.    This suit is brought in the name of the plaintiff, and it is conceded he is interested in the result of it, and in the property to the extent of two-thirds.    We think this agreement does not exclude the plaintiff from the right of prosecuting the suit thus brought.    He is the plaintiff in the suit, with all the rights attaching to that character, and among them, the right to employ such attorney as he may select to manage and conduct it for him.    If Yountz has any rights in the property or the suit, they are not affected by the exercise of this right of Downer; for his remedy is clear and ample. He may intervene if a proper case is made, or prosecute his rights independently of the plaintiff, or he may wait until recovery, if this be the result, and claim his rights under the contract.    But the original right of Downer was as we have stated it, and we see no such cession of that right as denies him the privilege he asserts.

2. We think *mandamus* proper under the circumstances, there being no other adequate and unembarrassed remedy.

The writ is accordingly allowed.