[Civ. No. 7256.   Fourth Dist.   Mar. 19, 1963.]

ROY TRENTON McGONAGILL, Petitioner, v. THE SUPE-
RIOR COURT OF SAN DIEGO COUNTY, Respondent.

Hubert D. Stewart for Petitioner.

James Don Keller, District Attorney, William P. McGirr
and Allan Nichelson, Deputy District Attorneys, for Respond-
ent.

GRIFFIN, P. J.—The petition seeks to estop the trial court
from proceeding further with the trial on an information in
which defendant was charged in two counts of issuing checks
without sufficient funds in the bank to meet them.

The contention is that the petitioner has been improperly committed because the municipal court did not exclude all the persons required to be excluded from the courtroom at the time of the preliminary hearing. At the outset of the hearing, counsel for defendant (petitioner) moved: "I would like to make a motion, under Penal Code, section 868, that is, the exclusion of all persons from the courtroom that are not legally...."

The colloquy between the committing magistrate and counsel for defendant in this respect is as follows:

"The Court: All persons?

"Mr. Stewart: That are not legally entitled to be here. Yes, ma'am.

"The Court: Everyone is legally entitled to be here. All you can exclude are witnesses. All witnesses in this case—who is to testify, Mr. McGirr?

". . . . . . . . . . . .

"The Court: All right, all other witnesses may leave the courtroom and just wait in the hall, wherever you can find a place out of the hearing of the Court."

Prosecution witnesses were sworn. At the conclusion of the hearing the defense attorney said that he would like the record to show that Mr. James Evans was in the courtroom during the preliminary examination and that Mr. Montgomery remained in the courtroom during the testimony of the last witness. Then the following colloquy occurred:

"The Court: That is all right, after he has testified. I don't know who Mr. Evans is. Who is Mr. Evans and why is it his presence is being noted?

"The Bailiff: He is a visitor in the courtroom.

"The Court: He is just a visitor. He isn't a witness.

"Mr. Stewart: Yes, your Honor.

'The Court: Why do you want the record to show he was here?

"Mr. Stewart: Because at the start of the preliminary, I made a motion that you exclude all . . .

"The Court: Witnesses.

"Mr. Stewart: . . . all people from the courtroom under Penal Code Section 868, which I think . . .

"The Court: I don't think that applies to visitors. Let me see the Code section. Does that apply to . . . Where is the section? 'Exclude from the examination every person.' I don't understand that to mean visitors. I think. that means from the examination itself. Do you have any cases on that? It never occurred to me. You should have brought it up before if you had any objection. That is why I mentioned at the time the witnesses would be excluded.

"Mr. Stewart: If the Court please, I believe I did object and ask that they be removed.

"The Court: Yes. You said all persons, and I said, 'You mean all witnesses?' It never occurred to me you meant any visitors in the courtroom. I think you should have spoken up if that is what you meant. I can't imagine how that would effect [sic] the preliminary hearing to have visitors in the courtroom. I don't know whether that has been interpreted or not, that section. It never occurred to me you did mean visitors in the courtroom.

"Mr. Stewart: I tried to do that. I am sure the record will show I tried to clarify my position, but we did want everybody except the investigating officer removed."

Thereafter, the court bound the defendant over for trial on the two counts presently involved.

In the superior court, counsel for defendant moved to dismiss the information on the grounds that the defendant had not been legally committed by a magistrate. This motion was summarily denied and thereafter this petition was brought to this court. ██ The cases that apply to this situation are those of *People* v. *Elliot,* 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], and *People* v. *Prizant,* 186 Cal.App.2d 542 [9 Cal.Rptr. 282]. They hold that where a preliminary examination is held, it is subject to dismissal of the information where all persons have not been excluded from the courtroom when the defendant has made a proper motion seeking this result. This is a requirement imposed by Penal Code, section 868. Penal Code, section 867 applies to the exclusion of witnesses while other witnesses are testifying.

██ The district attorney contends that the petition should be denied because it is not timely, in that it has not been filed within 15 days after the denial of the motion in the superior court. The record shows that the motion made in the superior court was denied on January 4, 1963. The petition

in the instant proceeding was executed on February 15, 1963, and filed in this court on February 19, 1963. The 15-day requirement is imposed by Penal Code, section 999a and the limitation applies only where the motion in the superior court is made on the grounds that the bind-over was without reasonable or probable cause, i.e., the evidence was insufficient. According to that statute, the 15-day limitation is not applicable where the motion to dismiss is on any other ground. The ground that defendant had not been legally committed is not mentioned in that section. Therefore, it appears that the petition is filed in time.

Secondly, the district attorney contends that by not making his motion before the municipal court more explicit, the defense attorney has waived the right to complain of the error by the municipal court. Citing such authority as *People* v. *Malloy*, 199 Cal.App.2d 219 [18 Cal.Rptr. 545] ; *People* v. *Griffin*, 195 Cal.App.2d 855 [16 Cal.Rptr. 388] ; and *People* v. *Brown*, 200 Cal.App.2d 111 [19 Cal.Rptr. 36], where this court held that a motion to "exclude all unauthorized persons from the courtroom" was too ambiguous to allow a determination of what persons counsel wished excluded. No mention of the section under which the exclusion was sought was made. The facts of the instant case do not bring it within the cited cases.

In the instant case, the motion included the particular section, Penal Code, section 868, and counsel asked that *all persons* be excluded. This fact was again emphasized before the defendant was held to answer. We see no escape from the strict application of the rule and no waiver appears.

It affirmatively appears from the above cases cited that this right is given to the defendant by mandatory statute. A showing of lack of prejudice is not authorized. Prejudice is presumed. Article VI, section 4½ of our Constitution, will not save the error. (*People* v. *Elliot, supra*, 54 Cal.2d 498.)

The information should be dismissed, the cause remanded and a new preliminary hearing should be had under the provisions of the statute involved. (*Ex parte Walpole*, 85 Cal. 362 [24 P. 657] ; *Ex parte Fenton*, 77 Cal. 183 [19 P. 267].)

Writ granted.

Coughlin, J., and Brown (G.), J., concurred.