[Civ. No. 34132.   Second Dist., Div. Five.   Jan. 23, 1969.]

JOSEPH HENRY GUERIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

John Guerin, in pro. per., for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, for Real Party in Interest.

KAUS, P. J.—Petitioner is about to be tried on charges of kidnapping and robbery. (Pen. Code, §§ 209, 211.) The date set for trial is February 3, 1969. His motion to have the information set aside under the provisions of section 995 of the Penal Code was denied on December 13, 1968. On January 13, 1969, he filed a "Petition For Writ of Prohibition or Other Appropriate Writ" with this court. The petition is accompanied by a declaration of his attorney which adequately explains why the 15-day limitation for the filing of the petition in this court, contained in section 999a of the Penal Code, could not be observed.[1] He prays for relief from the default. If we had power to do so, we would excuse the delay.

The petition filed in this court seeks to prohibit the trial not only because the defendant was allegedly committed without reasonable or probable cause, but also because he was not "legally committed" by the magistrate.[2]

With respect to the ground of an alleged illegal commitment, petitioner is not bound by the time provisions of section 999a. (*McGonagill* v. *Superior Court*, 214 Cal.App.2d 192, 194-195 [29 Cal.Rptr. 485].) We have examined the transcript of the preliminary hearing and find that petitioner was not denied any substantial right in connection with that hearing. (*Jennings* v. *Superior Court*, 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304].) As far as the ground of illegal commitment is concerned, the petition is denied on the merits.

Turning to the claim that petitioner was committed without reasonable or probable cause, the question is whether the statutory scheme permits us to turn to the merits. If it does permit us to consider the merits, we could do so either by granting the application to be relieved from default, or by treating the petition as one for habeas corpus. (*In re Cregler*, 56 Cal.2d 308, 309 [14 Cal.Rptr. 289, 363 P.2d 305].)

---

[1]Section 999a of the Penal Code reads in part as follows: "A petition for a writ of prohibition, predicated upon the ground that the indictment was found without reasonable or probable cause or that the defendant had been committed on an information without reasonable or probable cause, must be filed in the appellate court within 15 days after a motion made under Section 995 of this code to set aside the indictment on the ground that the defendant has been indicted without reasonable or probable cause or that the defendant had been committed on an information without reasonable or probable cause, has been denied by the trial court . . ."

[2]Section 995 of the Penal Code reads in relevant part: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . . If it be an information: 1. That before the filing thereof the defendant had not been legally committed by a magistrate. 2. That the defendant had been committed without reasonable or probable cause. . . ."

Two cases have held that if the petition is not filed within the 15-day period prescribed by section 999a, it must be denied (*Bernstein* v. *Superior Court,* 45 Cal.2d 774, 775 [291 P.2d 29] ; *Curtis* v. *Superior Court,* 100 Cal.App.2d 589 [224 P.2d 65].) In *Bernstein* v. *Superior Court, supra,* the Court of Appeal had actually issued an alternative writ. The cause was then transferred to the Supreme Court which discharged the alternative writ and denied the peremptory writ.

Neither *Bernstein* nor *Curtis* moots the problem whether the time limit of section 999a may be extended for good cause or whether section 999a is the exclusive method of attacking an information on the ground that the petitioner has been committed without reasonable or probable cause.

We think in section 999a the Legislature has provided the sole procedure by which an erroneous denial of a motion to set aside an information for lack of reasonable or probable cause can be attacked before trial. In the interest of an orderly administration of justice it could so provide. Analogous is the rule that a failure to move under section 955 bars the defense from questioning an illegal commitment on appeal, even though the illegality may have approached constitutional dimensions. In *People* v. *Harris,* 67 Cal.2d 866 [64 Cal.Rptr. 313, 434 P.2d 609] the record failed to show that the defendant had intelligently waived the right to counsel at the preliminary examination. There was no motion to set aside the information. The court held that an appellate attack on the commitment was precluded by section 996 of the Penal Code: "The Legislature has provided defendants in criminal cases with a statutory opportunity to test the legality of their commitment, and it is not an undue burden to expect defendants who wish to raise this issue to proceed by filing a timely motion under section 995. When an illegally committed defendant pursues his statutory remedy, the courts will, without hesitation, invalidate his commitment. (*Bogart* v. *Superior Court* (1963) *supra,* 60 Cal.2d 436 [34 Cal.Rptr. 850. 386 P.2d 474].) But to permit a defendant to question the legality of his commitment for the first time on appeal would enable him to secure a reversal of his judgment of conviction even though he was found guilty after an errorless trial. By enacting section 996 the Legislature clearly foresaw that such eventuality would place un undue burden on the administration of justice. Indeed, many defendants who may be illegally committed choose to forego their statutory remedy, recognizing that a successful motion under section 995 will operate only to delay the date of trial, since the prosecution remains free to file a

new complaint and bring a new information (Pen. Code, § 999; *People* v. *Joseph* (1957) 153 Cal.App.2d 548, 551-552 [314 P.2d 1004].) By reaffirming our cases that require such a motion, we give effect to a statutory pattern that affords an accused full opportunity to question the legality of his commitment, but in the interest of the efficient administration of justice conditions that right upon its timely assertion.'' (67 Cal.2d 870-871.)

Actually an even stronger case can be made for strict adherence to section 999a, for if the defendant has made his 995 motion in the superior court, he is not foreclosed from raising the erroneous denial thereof on an appeal from the final judgment. (*People* v. *Minkowski,* 204 Cal.App.2d 832 [23 Cal.Rptr. 92] ; *People* v. *Rosborough,* 178 Cal.App.2d 156, 167 [2 Cal.Rptr. 669] ; *People* v. *Fernandez,* 172 Cal.App.2d 747, 750 [342 P.2d 309] ; *Nelson* v. *Superior Court,* 77 Cal.App.2d 783 [176 P.2d 390].)

We reach our conclusion that section 999a, including the time limitation therein, is an exclusive remedy in this situation in spite of the following statement in *People* v. *Rosborough, supra* : ''Respondent contends that the remedy provided by section 999a is exclusive. We are unable to agree. An order holding defendant to answer in the superior court is without jurisdiction and hence void if based upon no substantial evidence whatever. Where the order is not supported by some evidence a writ of prohibition will issue regardless of Penal Code, section 999a. (*Greenberg* v. *Superior Court,* 19 Cal.2d 319, 323 [121 P.2d 713].) And an erroneous decision of the trial court that there is substantial evidence and that it has jurisdiction to proceed with the trial does not cure the jurisdictional defect. . . .'' (178 Cal.App.2d at p. 166.) The quoted passage is an obvious dictum and has been exposed as such. (*People* v. *Stone,* 195 Cal.App.2d 282, 290 [15 Cal.Rptr. 737].) Whether or not the problem is strictly one of jurisdiction, or merely of proceeding in excess of jurisdiction, as the leading case, *Greenberg* v. *Superior Court,* 19 Cal.2d 319, 323 [121 P.2d 713] seems to indicate,[3] it has been recognized that the superior court lacks power to proceed only if properly challenged. (In *People* v. *Elliot,* 54 Cal.2d 498 [6 Cal.Rptr.

[3]Nevertheless the Supreme Court has, from time to time, used words suggesting that the problem is one of strict jurisdiction. See for example *Parks* v. *Superior Court,* 38 Cal.2d 609 [241 P.2d 521]. In *Rogers* v. *Superior Court,* 46 Cal.2d 3 [291 P.2d 929], the terms ''no jurisdiction'' and ''excess of jurisdiction'' appear to be used interchangeably. For a distinction between the concepts see *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].

753, 354 P.2d 225] the Supreme Court said: ". . . The theory of these cases is that where the accused is not legally committed within the meaning of section 995 of the Penal Code, the commitment is voidable. Upon proper objection, the superior court has no jurisdiction to proceed. It is the same as if no preliminary examination at all had been held, and is analogous to the situation where no evidence to connect the accused with the crime is introduced at the preliminary examination. In such event, of course, the information must be quashed. (*Greenberg* v. *Superior Court,* 19 Cal.2d 319 [121 P.2d 713].) . . ." (54 Cal.2d at p. 503.) While *Elliot* involved a commitment illegal because of a failure to comply with that portion of section 868 of the Penal Code which gives the defendant the right to have all but certain persons excluded from the preliminary hearing, the same note was struck in *People* v. *Sigal,* 249 Cal.App.2d 299 [57 Cal.Rptr. 541] which did involve a problem of reasonable or probable cause to indict.

We can see no valid reason why the Legislature cannot provide a specific and exclusive pretrial method of challenging the superior court's power to try a person accused of a felony, particularly where the same issue can again be raised on appeal. To permit pretrial attacks after the 15-day period specified in section 999a has been characterized as a "serious threat to expeditious trial of criminal cases." (Witkin, Cal. Criminal Procedure (1963) § 233.) While it must be admitted that the threat still exists where the attack is based upon the legality of the commitment (see *McGonagill* v. *Superior Court,* 214 Cal.App.2d 192 [29 Cal.Rptr. 485]), this is the result of legislative judgment which we have no right to subvert.

It is noted that since the passage of section 999a in 1949, two cases have been decided which ignore that code section. In *In re Flodstrom,* 134 Cal.App.2d 871 [277 P.2d 101] the accused proceeded by way of habeas corpus. The report does not show whether the petition was filed before or after the fifteen-day time limit under section 999a for a writ of prohibition had expired. There was no discussion of the problem. In *In re Joiner,* 180 Cal.App.2d 250 [4 Cal.Rptr. 667] there had been a denial of a 995 motion in the superior court, followed by a denial of habeas corpus in that court. Then there followed a habeas corpus petition in the Court of Appeal. Again there is no discussion of the time problem. In any event, the case is not in point since the writ was granted on the ground

that the acts proved at the preliminary hearing showed that they were covered by a special statute which made them a misdemeanor. (*In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593].) In such a case different principles make habeas corpus available. (*In re Bevill,* 68 Cal.2d 854, 862 [69 Cal.Rptr. 599, 442 P.2d 679]; *In re Zerbe,* 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; *In re Allen,* 59 Cal.2d 5, 6 [27 Cal.Rptr. 168, 377 P.2d 280, 97 A.L.R.2d 1415].) For the reasons stated we cannot consider *Flodstrom* or *Joiner* as settling the point under consideration.

The petition for a writ of prohibition ''or Other Appropriate Writ'' is denied. Petitioner's attention is drawn to the fact that under California Rule of Court 24 this decision becomes final immediately. Unless extended by that court, the Supreme Court's power to grant a hearing expires 30 days from this date. (Cal. Rules of Court, rule 28.) On this court's own motion, the superior court trial in the case of People v. Joseph Henry Guerin, case number A-054501, is hereby stayed for a period of 30 days from the date of filing of this opinion or until the Supreme Court denies a petition for hearing herein, whichever date first occurs.

Stephens, J., and Alarcon, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.