[Crim. No. 4784. In Bank. Apr. 23, 1948.]

In re ROBERT TEDFORD, on Habeas Corpus.

James A. Toner, under appointment by the Supreme Court, for Petitioner.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

EDMONDS, J.—Robert Tedford is endeavoring to obtain his release from imprisonment as an habitual criminal upon the general grounds that, at the time of his plea of guilty to the charge of assault with a deadly weapon and sentence thereon, he was denied due process and the equal protection of the laws. More specifically, by the allegations of his petition, upon which this court issued a writ of habeas corpus, he asserts that he was held to answer without sufficient or probable cause; that he was "wrongfully permitted to waive his preliminary examination without benefit of counsel"; that he was deprived of his right to have legal assistance; that he was denied the right to be tried by a jury; that he was physically and mentally unable to comprehend the nature of the proceedings; that no crime was ever proved; and that, as to his prior convictions, they are not a sufficient basis for the judgment that he is an habitual criminal.

In the brief, filed by counsel appointed to represent Tedford, it is contended that petitioner was illegally convicted because he was denied the right to counsel. It is argued that the "record of the preliminary hearing shows that the defendant was not represented by counsel and it further fails to show that he was advised as to his right to counsel at all stages of the proceedings, nor does it show that he was informed that he was entitled to a reasonable continuance to obtain counsel or to summon and subpoena witness." As to the hearing in the superior court, it is contended that Tedford was not represented by counsel and that "an illiterate person suffering from a serious malady," as was Tedford, cannot be said to have intelligently waived his right to counsel. All of the other contentions of the petitioner presumably have been abandoned.

The docket of the justice's court includes the statement that petitioner was "informed of his legal rights." But if the justice of the peace failed to instruct the petitioner to that effect, the omission to do so affects only the legality of the commitment by the magistrate. No motion was made to set aside the information and, in the absence of such a motion, any invalidity in the proceedings prior to the commitment is deemed waived. (Pen. Code, §§ 995, 996; *People*

v. *Phillips,* 12 Cal.App. 760 [108 P. 731]; *People* v. *Morley,* 8 Cal.App. 372 [97 P. 84].)

The minutes of the superior court show that when the petitioner was arraigned upon an amended information, he appeared without counsel and was instructed "as to his rights." From the transcript of the proceeding, it appears that he was not arraigned until after he had stated, in response to a question by the judge presiding, that he did not wish to procure an attorney. But the petitioner argues that, in order to fulfill the requirements of due process, a defendant must have an intelligent conception of the consequences of his act in declining the aid of counsel. The question in this regard is, therefore, narrowed to the claim that petitioner did not competently waive the assistance of counsel.

According to the record, at the time Tedford pleaded guilty, the court was informed that he was suffering from "active pulmonary tuberculosis" and he was given hospitalization for 18 days. He was then returned into court and, following a hearing which included the consideration of the report of the probation officer, sentenced to imprisonment.

The transcript of the proceedings upon arraignment and the entry of the plea of guilty show that, although not verbose, the petitioner was responsive and fully aware of the nature of the proceedings. It affords substantial basis for the conclusion that the waiver of his right to counsel was made by one who had an intelligent conception of the consequences of his act. (*In re Jingles,* 27 Cal.2d 496, 498 [165 P.2d 12].)

A question presented by the petition, but not by the brief, refers to the nature of the two prior convictions of the petitioner in Oklahoma, upon which he was adjudged to be an habitual criminal. The petition alleges that these convictions, which were of second degree burglary, are not a sufficient ground for the determination that Tedford is an habitual criminal. But the certified copies of the complaints and the commitments in the Oklahoma proceedings, which are included in the return to the writ, show that each of the prior convictions would constitute burglary if committed in California (Pen. Code, § 459) and is a crime enumerated in the habitual criminal statute of this state. (Pen. Code, § 644.)

The writ is discharged and the petitioner is remanded to custody.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and Nourse, J. pro tem., concurred.