[L. A. No. 27357. In Bank. Nov. 14, 1963.]

PETER D. BOGART et al., Petitioners, v. THE SUPE-
RIOR COURT OF LOS ANGELES COUNTY, Respond-
ent; THE PEOPLE, Real Party in Interest.

Peter D. Bogart, in pro. per., for Petitioners.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

TOBRINER, J.—This case presents the single question whether defendant Peter Bogart, an attorney and a member of the bar of this state, suffered a denial of his statutory right to counsel at the preliminary hearing. For the reasons that follow, we have concluded that the trial court did not comply with the fundamental and recognized statutory requirements in this regard and that prosecution under the existing information should therefore be restrained.

The criminal complaint charges Peter Bogart and his wife June with multiple counts of forgery (Pen. Code, § 470) as well as grand theft (Pen. Code, § 484). Five counts relate to

the use of fictitious names on credit applications at two Los Angeles department stores and the receipt of merchandise from the stores by use of the false names. The five remaining counts deal with procurement of unemployment benefits by the use of fictitious names. The Municipal Court of Los Angeles held an extended preliminary hearing on the matter; the superior court granted defendant Peter's motions to dismiss the counts regarding unemployment insurance as to him. (Pen. Code, § 995.) As a result those counts are now directed solely to June.

Since, as we have stated, we believe that Peter suffered an improper deprivation of the right to counsel, and since this error invalidated the commitment, we see no reason to discuss the remaining manifold contentions of his petition. Nor do we find any need at this juncture to consider the contentions raised on behalf of June.

We first show that the magistrate presiding at the preliminary hearing failed to ascertain Peter's desire for assistance of counsel or his ability to obtain it. The magistrate, further, failed to assign such desired counsel. We then demonstrate the fallibility of the People's arguments that Peter failed properly to assert the statutory right to counsel and that he in fact waived counsel.

The right to counsel is, of course, a basic one, expressly proclaimed in article I, section 13, of the California Constitution. To effectuate that right the Legislature has enacted many provisions as to commitment procedure. (Pen. Code, §§ 858, 859, 860, 866.5.) In particular, section 859 provides: ". . . The magistrate shall immediately deliver to him a copy of the complaint, *inform him of his right to the aid of counsel, ask him if he desires the aid of counsel,* and allow him a reasonable time to send for counsel; ... *If the defendant desires and is unable to employ counsel, the court must assign counsel to defend him. . . .*" (Italics added.)

At the outset of the preliminary hearing, Meyerson, the attorney representing June, informed the court that in proceedings immediately before the hearing he had "entered a motion to be relieved as attorney for Mr. Bogart" and that the court had granted the motion. Meyerson further recounted Bogart's unsuccessful efforts to secure representation by another attorney, who declined the undertaking, and stated that Bogart "is now appearing before the Court unrepresented."

Meyerson then stated, "I might request that the Court

consider appointing an attorney to represent him." The following exchange then occurred between the court and Bogart:

"MR. BOGART: As has been pointed out, I am not now represented by counsel .... *Now, your Honor, I don't know what to do.* I talked to Mr. Bernay who came very kindly and saw me, and he said that he would represent me if I can make a certain payment to him. Being held incommunicado in this jail here, of course, makes it impossible to raise this money. ... *I don't know how to solve this problem. It is an impossibility, your Honor.*

"THE COURT: The only way we can solve it is by proceeding, under the circumstances, and see where we come out and not to anticipate problems until we have them.

"MR. BOGART: *I ask the record to show I am not represented by counsel.*" (Italics added.)

The quoted portion of the transcript reveals that the court did not follow the dictates of Penal Code section 859. Section 859 imposes upon the court the affirmative duty to ascertain whether defendant desires counsel, and in such instance, to assign counsel if defendant is unable to procure representation. ██ "Under these sections it is the duty of the magistrate to initiate an inquiry into the desire of a defendant to be represented by counsel, to inquire into his ability to procure counsel, and in the event of his inability to do so, to assign competent counsel to conduct his defense." (*People* v. *Diaz* (1962) 206 Cal.App.2d 651, 661 [24 Cal.Rptr. 367].)

██ Not only did the court fail to initiate an inquiry regarding the desire for appointed counsel, but the court, at the calling of the master calendar, had granted the motion of Peter's former counsel to be relieved of such representation and had left Peter totally unrepresented. Further, Peter expressed a desire for counsel. Thus, Peter described the "impossibility" of his situation and requested that the record state that he was not represented by counsel. In *People* v. *Williams* (1954) 124 Cal.App.2d 32 [268 P.2d 156], the court asked the defendant if he wanted to hire an attorney. The defendant replied: "I have no money to hire one or anything to hire one." (At p. 33.) The appellate court concluded that such statement constituted a sufficient request for the appointment of counsel by the court. Moreover, in the instant case, the request by Meyerson, the former attorney of defendant Peter, that the court appoint an attorney for Peter surely served as a sufficient expression of a desire for appointed counsel.

The People attempt to answer defendant's contention, first, upon the ground that Peter's status as an attorney compelled a "clear, timely request for appointment of counsel," but that he failed to assert such right. As we have stated, however, the court, rather than the accused, must take the initiative in ascertaining the defendant's desire for, and ability to obtain, counsel. The initiative does not shift because the accused happens to be an attorney. As we stated in *People* v. *Napthaly* (1895) 105 Cal. 641 [39 P. 29], in considering an attorney's right to secure counsel: "Under the constitution and law a *lawyer* who is accused of crime is equally entitled in every stage of his trial to the presence and aid of counsel ... with other persons. ...The rights of individuals in this respect are not to be gauged by their profession or occupation." (At p. 645.)

The People submit as a second answer to defendant's position that Peter, in proceedings held immediately prior to the preliminary examination before the master calendar division of the municipal court, "freely, voluntarily, knowingly, understandingly and deliberately waived both his statutory and constitutional rights to counsel." At the start of those proceedings, Meyerson, representing both Peter and June, sought a continuance. Because of the large number of witnesses present the court denied any postponement. Subsequently, Meyerson asked to be excused as Peter's attorney. Confirming Peter's acquiescence in such dismissal, the court inquired whether Peter wished to have the clerk contact another attorney or instead appear in his own behalf. Peter stated that he would "like to retain the services of another attorney"; he mentioned the name of the attorney. The clerk telephoned this counsel; he appeared but refused to represent Peter. Immediately thereafter, without any inquiry as to whether Peter desired court-appointed counsel, the court referred the case to another division for preliminary hearing, the relevant part of which we have quoted. The record does not, therefore, sustain the contention that Peter waived his statutory right to counsel.

We conclude that the court did not discharge the mandate imposed on it by section 859 of the Penal Code. Failure of the committing magistrate properly to inform an accused of his right to counsel furnishes the basis for a ruling that the defendant has not been legally committed. (*People* v. *Diaz* (1962) 206 Cal.App.2d 651, 659 [24 Cal. Rptr. 367].)

Let a peremptory writ of prohibition issue to restrain the

further prosecution of defendant Peter Bogart under the criminal complaint pending in this cause except in accord with the procedures set forth in this opinion.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Peek, J., concurred.

Petitioners' application for a rehearing was denied December 11, 1963.