[Crim. Nos. 4412, 4413.  First Dist., Div. One.  Sept. 2, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM ROSS PHILLIPS, Defendant and Appellant.

Neal L. Petersen, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Robert R. Granucci and Charles W. Rumph, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, J.—On this appeal from a conviction for possession of forged checks for payment of money (Pen. Code, § 475), and conspiracy to commit forgery (Pen. Code, §§ 182 and 470), the main question presented is whether defendant's right to counsel has been infringed upon. For the reasons that follow, we have concluded that defendant suffered an improper deprivation of counsel and that therefore the judgments appealed from must be reversed.[1] Accordingly, we see no reason to discuss defendant's remaining contention that

[1]Defendant was charged upon information in two separate actions which were ordered consolidated for trial. He has also appealed from the order denying his motion for a new trial. Such an order is not appealable where an appeal is taken from a final judgment of conviction. However, upon appeal from a final judgment the court may review an order denying a motion for a new trial. (Pen. Code, § 1237; *People* v. *Britton,* 205 Cal.App.2d 561, 562 [22 Cal.Rptr. 921].)

the trial court denied him due process in refusing to subpoena witnesses.[2]

Defendant's claim of the infringement of his right to counsel is predicated upon events occurring at the preliminary hearing occurring on November 5, 1962. Defendant was arraigned before a magistrate on October 29, 1962. There is no record of the arraignment proceedings, other than the clerk's minutes.[3] The minutes do not indicate whether defendant was informed of his right to the aid of counsel, but they disclose that he appeared without counsel and that the preliminary examination was set for November 2, 1962. The record discloses that thereafter, on October 30, 1962, defendant was present in court without counsel when the preliminary examination as to certain codefendants came on for hearing. At that time the court inquired of Attorney John R. Lamoreaux, who represented two of the other defendants, whether he represented defendant as well. Lamoreaux replied: "If the money is there by five o'clock Thursday, I will be representing him Friday. It is as basic as that." The minutes also disclose that on October 31, 1962, defendant appeared in court without counsel and that his preliminary hearing was reset for November 5, 1962.[4] These minutes bear the notation: "Waives statutory time. . . . Defendant to have Counsel John Lamoreaux." When the preliminary examination came on for hearing on November 5, defendant stated to the court that he desired to waive the preliminary hearing. When asked by the court if he was appearing in "pro per" he

---

[2] A third contention, i.e., that the court erred in sentencing him, was abandoned by defendant at oral argument in view of the 1963 amendment to § 2900 of the Pen. Code.

[3] A certified copy of the minutes is attached to and made a part of the People's brief on appeal and appears as Exhibit A. Since the clerk's minutes are not part of the record on appeal, the People request this court to take judicial notice of the minutes of the Clerk of the Municipal Court, citing Code Civ. Proc., § 1875 and *Pennix v. Winton*, 61 Cal.App.2d 761, 777 [143 P.2d 940, 145 P.2d 561]. In *Pennix* the Supreme Court took judicial notice of minutes of the District Court of Appeal in denying a petition for hearing. A reviewing court " 'can properly take judicial notice of any matter of which the court of original jurisdiction may properly take notice.' [Citations.]" (*South Shore Land Co. v. Petersen*, 226 Cal.App.2d 725, 742 [38 Cal.Rptr. 392]; see also *Flores v. Arroyo*, 56 Cal.2d 492, 496 [15 Cal. Rptr. 87, 364 P.2d 263].) We accordingly take judicial notice of the minutes of the Clerk of the Municipal Court.

[4] This is the date to which the preliminary hearing had been continued as to the other defendants.

answered "Yes." The trial court then advised defendant that he could not waive preliminary hearing if he was not represented by counsel and that it would not accept the waiver. The judge inquired of defendant if he had been offered counsel at the time of his arraignment, to which inquiry defendant responded that he "figured" he didn't need counsel if he waived preliminary hearing. Defendant, when again told by the court that it could not take his waiver, requested a one-hour continuance to obtain counsel. The court refused the continuance, but granted a 10-minute recess in order to permit one of the counsel to confer with his clients who were codefendants. After the recess the court announced for the record "that Mr. Phillips is appearing in pro per. . . ." After a hearing at which a number of prosecution witnesses testified defendant was held to answer to the charges in the superior court.[5]

At the time of arraignment in superior court a motion was made by defendant under section 995 of the Penal Code to set aside the information on the ground, among others, that he had been deprived of the right of counsel at the preliminary hearing.[6] The motion was denied.

■ The right to counsel is basic. It is guaranteed by the Sixth Amendment which is applicable in criminal trials in the state courts (*Gideon* v. *Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]), and by article I, section 13, of the California Constitution. (See *People* v. *Douglas*, 61 Cal.2d 430, 434 [38 Cal.Rptr. 884, 392 P.2d 964]; *Bogart* v. *Superior Court*, 60 Cal.2d 436, 438 [34 Cal. Rptr. 850, 386 P.2d 474]; see also Pen. Code, § 686, subd. 2.) To implement this right the Legislature has enacted several provisions relating to commitment procedure. These are Penal Code[7] sections 858, 859, 860 and 866.5, the pertinent provisions of which we set out in the footnote.[8] ■ Under

[5]Defendant declined to cross-examine any of the prosecution witnesses except one whom he examined briefly. His participation consisted of the interposition of a few objections, an offer to stipulate that he was the owner of the automobile in question and its contents, and joining in a motion to dismiss at the suggestion of the court.

[6]Defendant was then represented by counsel.

[7]Unless otherwise indicated all statutory references are to the Penal Code.

[8]§ 858: "When the defendant is brought before the magistrate upon an arrest, either with or without warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of

sections 858 and 859, applicable to arraignments (see *People* v. *Terry,* 57 Cal.2d 538, 555 [21 Cal.Rptr. 185, 370 P.2d 985]), it is the duty of the magistrate to initiate an inquiry into the desire of a defendant to be represented by counsel, to inquire into his ability to procure counsel, and, in the event of his inability to do so, to assign competent counsel to conduct his defense. (*People* v. *Diaz,* 206 Cal.App.2d 651, 661 [24 Cal. Rptr. 367] ; *Bogart* v. *Superior Court, supra,* at p. 438.) Section 860 has reference to what is commonly called the preliminary hearing (referred to in the section as "the examination") at which evidence is taken to determine whether probable cause exists for holding the defendant to answer in the superior court. (*People* v. *Terry, supra,* at p. 554.) ██ "The evident purpose of the provisions of sections 859 and 860 is to assure that the accused is afforded every reasonable opportunity to secure and be represented by counsel of his own choice before the magistrate begins the 'examination,' i.e., before the introduction of any evidence or the examination of any witnesses before the magistrate." (*People* v. *Terry, supra,* at p. 554.) This language, obviously, also applies to section 858.

In the present case, it is not claimed by defendant that

the charge against him, and of his right to the aid of counsel in every stage of the proceedings. . . ."

§ 859: "When the defendant is charged with the commission of a public offense, over which the superior court has original jurisdiction, by a written complaint . . . he shall, without unnecessary delay, be taken before a magistrate of the court in which such a complaint is on file. The magistrate shall immediately deliver to him a copy of the complaint, inform him of his right to the aid of counsel, ask him if he desires the aid of counsel, and allow him a reasonable time to send for counsel; . . . If the defendant desires and is unable to employ counsel, the court must assign counsel to defend him. . . ."

§ 860: "If the public offense is . . . 3. A felony to which the defendant has not pleaded guilty in accordance with section 859a of this code, then, if the defendant requires the aid of counsel, the magistrate must allow the defendant a reasonable time to send for counsel, and may postpone the examination for not less than two nor more than five days for that purpose. The magistrate must, immediately after the appearance of counsel, or if, after waiting a reasonable time therefor, none appears, proceed to examine the case; provided, however, that a defendant represented by counsel may when brought before the magistrate as provided in section 858 or at any time subsequent thereto, waive his right to an examination before such magistrate. . . ."

§ 866.5: "The defendant may not be examined at the examination, unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel."

when arraigned on October 29 he was not, as required by section 859, informed of his right to the aid of counsel, or that he was not allowed a reasonable time to obtain counsel, or that, if he was unable to employ counsel, none was assigned to him by the court. In the absence of any claim by defendant that he was deprived of his legal rights at such arraignment we may presume that the magistrate discharged his statutory duties. (Code Civ. Proc., § 1963, subd. 15; *People* v. *Greene,* 108 Cal.App.2d 136, 140-141 [238 P.2d 616]; *People* v. *Downer,* 57 Cal.2d 800, 812 [22 Cal.Rptr. 347, 372 P.2d 107].) The claim of prejudice herein asserted is specifically directed to the proceedings at the preliminary hearing.

Defendant contends that it was the magistrate's duty to again inform him of his right to counsel when the preliminary examination came on for hearing on November 5. This contention is without merit. ■ A defendant is not entitled to be *advised* of his rights at every stage of criminal proceedings, the requirement of the Penal Code being that a person be so advised only upon his first appearance before the committing magistrate (§§ 858, 859), and when he is arraigned before the trial court (§ 987). (*In re Turrieta,* 54 Cal.2d 816, 820 [8 Cal.Rptr. 737, 356 P.2d 681].) ■ Section 860 provides, however, that if a defendant *requires* the aid of counsel at the preliminary examination he must be allowed to send for counsel before the examination proceeds. The statute provides that a reasonable time shall be given to secure the appearance of counsel and further provides that the magistrate may postpone the examination for not less than two nor more than five days for that purpose.

In the case at bench, although defendant announced at the outset that he was appearing in propria persona, it is apparent from the record that he was doing so because he intended to waive preliminary hearing and didn't believe he needed an attorney for that purpose. When the magistrate advised him that he could not waive the examination unless he was represented by counsel, as is provided in section 860, defendant promptly requested a continuance of one hour to secure counsel. It then became the magistrate's duty to give defendant a reasonable time to send for counsel. We doubt that defendant could have obtained counsel in an hour's time, but it certainly was not an unreasonable request on his part. As previously noted, the court refused to grant defendant any continuance at all, the recess granted being for the convenience of other parties. While defendant could have

availed himself of this interim to send for counsel, no one can safely argue, nor is it so contended by the People, that a 10-minute recess is a reasonable time within which to obtain counsel and prepare for a preliminary examination. Therefore, when the magistrate summarily denied defendant's request for the continuance of one hour he abused his discretion.

After the recess the magistrate did not inquire of defendant whether he had obtained counsel or whether he desired an attorney to be appointed, but merely announced for the record that defendant was appearing in propria persona. ██ Under the circumstances, we think it was then incumbent upon the court, at the very least, under its affirmative duty to safeguard defendant's rights to have offered him court appointed counsel. Although, as we have pointed out above, there is no requirement to inform a defendant of his rights to counsel at every stage of criminal proceedings, there is, apart from statutory requirements, the constitutional right to the assistance of counsel. This fundamental right is recognized thusly in *Turrieta*: ''Apart from statutory requirements, however, the constitutional right to the assistance of counsel would be meaningless in the absence of a knowledge of that right and an intelligent waiver thereof, and the very purpose of the duty thus enjoined upon the court to advise an accused is to preserve to him a right which the Constitution has conferred upon him.'' (P. 820 of 54 Cal.2d.) In the present case, defendant's right to counsel was clearly brought into focus. That the court was acutely aware of the right of representation is evidenced by its refusal to permit defendant to waive preliminary hearing unless he was represented by counsel. Under the factual background presented in the present case, a situation was presented which compelled the magistrate, in the exercise of his affirmative duty, to protect defendant's right to counsel. As stated in *Bogart*: ''[T]he court, rather than the accused, must take the initiative in ascertaining the defendant's desire for, and ability to obtain, counsel.'' (P. 440 of 60 Cal.2d.)

The People argue that defendant impliedly waived his right to counsel. The thrust of this argument is that defendant is an intelligent person and therefore made an intelligent waiver. This contention is based primarily upon defendant's alleged knowledge of criminal procedure as evidenced by his desire to waive preliminary hearing and his later participation therein, particularly his offer therein to enter into a

stipulation as to the ownership of his car and its contents. the tenuous argument is also advanced by the People that the nature of the evidence in the case, consisting of forged checks, passbooks, credit cards, and identification cards, indicates that these items were instruments used by an intelligent person. Aside from the *a posteriori* nature of this reasoning, the People equate waiver with intelligence. We are not here concerned with the intelligence of defendant, but with whether he made an *intelligent waiver*. The right to counsel, needless to say, is accorded to the intelligent as well as the unintelligent.

While the right to counsel may be waived, the courts indulge in every reasonable presumption against the waiver of a fundamental constitutional right. (*People* v. *Douglas, supra,* 61 Cal.2d 430, 434; *Johnson* v. *Zerbst,* 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357].) Although an accused may waive his right to counsel, either expressly or impliedly (*In re Connor,* 16 Cal.2d 701, 706 [108 P.2d 10]; *In re Jingles,* 27 Cal.2d 496, 498-499 [165 P.2d 12]; *People* v. *Mattson,* 51 Cal.2d 777, 788-789 [336 P.2d 937]), he must do so intelligently and with understanding (*Johnson* v. *Zerbst, supra,* at p. 464; *People* v. *Chesser,* 29 Cal.2d 815, 821 [178 P.2d 761, 170 A.L.R. 246]), and "a finding of waiver is not lightly to be made." (*Moore* v. *Michigan,* 355 U.S. 155, 161 [78 S.Ct. 191, 2 L.Ed.2d 167].) "Not only must the waiver be unqualified, but it may be made only by a defendant who has been apprised of his rights and who has 'an intelligent conception of the consequences of his act.' " (*People* v. *Douglas, supra,* at p. 435; *In re Tedford,* 31 Cal.2d 693, 695 [192 P.2d 3].) In the present case there is nothing in the record to indicate that defendant waived his right to have an attorney. No express waiver was made, and there is no basis for implying one in view of the fact that defendant, upon being informed that he could not waive preliminary hearing without an attorney, specifically stated that he wished to obtain counsel and requested an hour's continuance to do so. It is clear from the record that defendant's willingness to proceed without counsel was predicated upon the mistaken belief that he could waive the preliminary hearing without benefit of counsel. The extent of his willingness to dispense with the services of counsel was obviously limited to the waiver of preliminary examination, a waiver which in any event he could not exercise unless he was represented by counsel. (§ 860.)

Under the circumstances presented by the instant case

the procedure followed by the magistrate amounted to a denial of defendant's constitutional and statutory right to counsel. (See *In re Masching,* 41 Cal.2d 530 [261 P.2d 251] ; *People* v. *Palmer,* 188 Cal.App.2d 819, 826 [10 Cal.Rptr. 694].) A denial of the right to counsel in a criminal proceeding is a denial of due process (*Gideon* v. *Wainwright, supra,* 372 U.S. 335; *People* v. *Douglas, supra,* at p. 434; *People* v. *Mora,* 120 Cal.App.2d 896, 900 [262 P.2d 594]), and furnishes the basis for a ruling that defendant has not been legally committed. (*Bogart* v. *Superior Court, supra,* at p. 440; *People* v. *Diaz, supra,* 206 Cal.App.2d 651, 659.) ▪ Defendant did not ignore the error of the magistrate past the point of conviction and raise it for the first time on appeal, but he maintained his objection to the illegal commitment when he came before the superior court in his motion under section 995. He thus effectively reserved the question and he is entitled to urge the illegality of his commitment as a ground for reversal on appeal. (See *People* v. *Elliot,* 54 Cal.2d 498, 505 [6 Cal.Rptr. 753, 354 P.2d 225] ; *People* v. *White,* 213 Cal.App.2d 171, 175-176 [28 Cal.Rptr. 656].) Defendant's conviction, therefore, cannot be allowed to stand and he should be remanded for further proceedings in the municipal court in conformity with his right to counsel. (*In re Masching, supra,* at p. 534; *In re McCoy,* 32 Cal.2d 73, 76-77 [194 P.2d 531].)

The judgments are reversed and the appeals from the orders denying a motion for new trial are dismissed.

Bray, P. J., and Sullivan, J., concurred.