[Crim. No. 11227.    Second Dist., Div. Two.    Oct. 13, 1965.]

In re ROBERT CLIFFORD JOHNSON on Habeas Corpus.

Gerald B. Parent and W. Edmund Parent II for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Jack K. Weber and James H. Kline, Deputy Attorneys General, for Respondent.

KATZ, J. pro tem.*—Petition for habeas corpus after conviction in the municipal court on a guilty plea to a charge of disorderly conduct, wherein it is claimed that the conviction resulted from violation of petitioner's constitutional right to counsel.

On December 23, 1963, petitioner appeared in the Santa Barbara Municipal Court without counsel for arraignment on a charge of violating section 647, subdivision (f), of the Penal Code, a misdemeanor. The judge informed petitioner that he was charged with disorderly conduct and that the complaint "alleges that on the 22nd day of December, 1963, in the County of Santa Barbara, you were found in a public place under the influence of intoxicating liquor." The judge then inquired, "Do you want to hire a lawyer, Mr. Johnson?" to which petitioner replied, "No, sir." Petitioner responded in the affirmative to the further inquiry, "Are you ready to plead now?", and entered a plea of guilty. The judge then asked petitioner if he wanted a chance on probation, and, after receiving another affirmative answer, sentenced petitioner to six months in the county jail but suspended sentence and placed him on probation for two years with conditions that he be a law-abiding citizen and refrain from the use of intoxicating beverages.

On June 25, 1965, petitioner was charged in the same court with another misdemeanor (furnishing beer to a 19-year-old boy in violation of Bus. & Prof. Code, § 25658, subd. (a)), was convicted on his plea of guilty before another judge, and was sentenced to pay a fine. On the same day he appeared again without counsel before the judge who had imposed the 1963 sentence. His probation was revoked and he was committed to the county jail in accordance with the sentence previously imposed.

Petitioner challenges the earlier conviction on the grounds that he was not adequately advised of his constitutional right to counsel, that there was no valid waiver of the right, and that he was not informed of his right to refuse probation.

■ The right to counsel is guaranteed by both the state and federal Constitutions, and includes the court appointment of counsel for an accused who is financially unable to employ counsel. (*In re Newbern*, 53 Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116]; *Gideon* v. *Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733].) ■ It is the

*Assigned by the Chairman of the Judicial Council.

duty of the court to advise a defendant of his constitutional right to counsel, and to initiate an inquiry into his desire and ability to obtain counsel. (*Bogart* v. *Superior Court*, 60 Cal. 2d 436 [34 Cal.Rptr. 850, 386 P.2d 474]; *In re Turrieta*, 54 Cal.2d 816 [8 Cal.Rptr. 373, 356 P.2d 681]; *In re Newbern*, 168 Cal.App.2d 472 [335 P.2d 948]; *People* v. *Phillips*, 229 Cal.App.2d 496 [40 Cal.Rptr. 403].) ■ That duty is enjoined by the constitutional guaranty itself and by legislative enactments which implement or effectuate the constitutional right. Thus section 858 of the Penal Code provides "When the defendant is brought before the magistrate upon an arrest . . . on a charge of having committed a public offense, the magistrate must immediately inform him of . . . his right to the aid of counsel in every stage of the proceedings." Section 859 requires the magistrate to "inform him of his right to the aid of counsel, ask him if he desires the aid of counsel, and allow him a reasonable time to send for counsel," and provides that "If the defendant desires and is unable to employ counsel, the court must assign counsel to defend him."[1] Section 987 provides that if the defendant is without counsel at the time of arraignment, "he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel," and that "If he desires and is unable to employ counsel, the court must assign counsel to defend him."

It is obvious that in the present case the municipal court judge did not fully follow the dictates of the above quoted sections of the Penal Code. Not only did he not inform petitioner of his right to court-appointed counsel if he was without funds and fail to ascertain petitioner's ability to obtain counsel, but the inquiry as to whether petitioner desired counsel was made in a manner which suggested or implied that petitioner had no right to court-appointed counsel and that he had a right to counsel only if he could afford to employ one. Despite the trial court's dereliction of duty in this regard, however, it does not appear that any infringement of petitioner's right to counsel resulted therefrom. No contention is here made, it was not alleged in the petition, and there was no showing in this proceeding or in the lower court that petitioner was an indigent or financially unable to employ counsel.

---

[1]Section 859 has been held applicable to misdemeanor cases despite the language therein apparently limiting application to felonies. (*In re Johnson*, 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re Newbern*, *supra*, 53 Cal.2d 786.)

In fact, the showing or inference from the record strongly suggests that petitioner was financially able to do so.

We recognize that petitioner was not required to make any claim or showing in the trial court of financial inability to employ counsel in order to here complain of the court's failure to advise him of the right to court-appointed counsel. But it must be borne in mind that if he is entitled to redress it is because he was deprived of the right to such counsel and not simply because he was inadequately advised. ▆ The right to court-appointed counsel is a conditional one; it exists only if the accused is financially unable to employ counsel. Accordingly, in this proceeding if petitioner asserts his constitutional right to court-appointed counsel was infringed, it is incumbent upon him to allege or show that he was without ability to employ counsel since it must be made to appear that the right exists before there can be any claim of deprivation. In the recent case of *In re Johnson,* 62 Cal.2d 325, 331-332 [42 Cal.Rptr. 228, 398 P.2d 420], the Supreme Court disposed of a claim that the manner in which the defendant was informed of his right to counsel was constitutionally inadequate as follows: ''Judge Erickson made an opening statement on this subject to all defendants in the courtroom collectively. . . . Petitioner contends, however, that such a statement was inadequate to discharge the above discussed constitutional and statutory duties of a magistrate to inform the defendants of their right to counsel. The argument is that a collective statement to a group of defendants may possibly not be heard by those farther from the bench because of 'the many physical vagaries of a crowded courtroom'; and even though heard, it may not be understood by those of below-average intelligence or linguistic comprehension. A constitutional issue, however, will not be decided on the basis of speculation or hypotheses not shown to affect the parties before the court. [Citation.] Here petitioner neither alleges nor shows that he personally failed to hear and understand Judge Erickson's statement.''

▆ The contention that there was no valid waiver of the right to counsel because the judge did not first determine whether petitioner understood the nature of the charge, the elements of the offense, the pleas and defenses which may have been available, or the punishment which may have been exacted, also cannot prevail. Apparently, petitioner relies on *People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246], and *In re James,* 38 Cal.2d 302 [240 P.2d 596], both of

which were capital cases and announced more stringent requirements for waiver in such cases than is ordinarily applicable to misdemeanor cases such as that here involved. Thus in *In re Johnson, supra,* at pages 335, 336, it is stated: "Yet *James, Chesser,* and similar decisions . . . involved the commission of serious felonies, a fact carefully mentioned in each opinion. Conceivably a somewhat less stringent rule might be constitutionally permissible in misdemeanor cases. Practical considerations, adverted to earlier in discussing methods of informing defendants of their rights, loom still larger at this point. We must recognize that the typically crowded arraignment calendars of our courts pose urgent problems in the administration of justice in California. This is particularly true of those courts in large municipalities which are called upon to deal with an unending stream of traffic violations, drunk cases, vagrancies, and similar petty offenses. ▆ While there can be no impairment of the fundamental constitutional rights of any defendant, however minor his crime, in certain situations there may be a choice of valid ways to implement these rights. Where such is the case—and constitutional rights are respected—the convenience of the parties and the court should be given considerable weight. . . . Compliance with the spirit of the constitutional mandate that an intelligent waiver of counsel must affirmatively appear in the record may be efficiently achieved in such cases in a variety of acceptable ways."

The crucial question in any case is whether the defendant "intelligently and understandingly" waived his right to counsel—i.e., that he was fully aware of the nature of the proceedings and had an intelligent conception of the consequences of his act. (*People* v. *Chesser, supra,* p. 822; *In re Tedford,* 31 Cal.2d 693, 695 [192 P.2d 3]; *In re James, supra,* p. 313; *In re Newbern, supra,* 168 Cal.App.2d 472; *Johnson* v. *Zerbst,* 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357].) ▆ "The determination of whether there has been an intelligent waiver of counsel involves a consideration of the nature of the charge, the facts and circumstances of the case, and the education, experience, mental competence and conduct of the accused." (*People* v. *Chesser, supra,* p. 822; *Johnson* v. *Zerbst, supra,* p. 464.) ▆ In the present case, petitioner, who had four previous arrests for the same offense within two years and had appeared in court at least once previously, expressly waived counsel and entered a plea of guilty. The transcript of the arraignment proceedings discloses that he was intelligent, responsive and fully aware of

the nature of the proceedings, and supports the conclusion that in waiving counsel he had an intelligent conception of the consequences of his act. (Cf. *In re Tedford, supra.*) In addition, it appears that petitioner was aware of the nature of the charge, of some of the important elements of the offense, and of the principal available pleas.

Finally, petitioner complains that he was not advised of his right to refuse probation. The statutes are silent concerning the right to reject probation or any duty to inform a defendant of that right. (*In re Osslo*, 51 Cal.2d 371 [334 P.2d 1].) Yet, even assuming that such a duty exists, there was substantial compliance therewith in this case. Petitioner was asked if he wanted probation and gave an affirmative reply. After explaining the terms of probation, the judge inquired, ''All right?'' and petitioner replied, ''Yes, sir.'' It is also interesting to note that in an affidavit filed in support of his application for the writ, petitioner stated he accepted probation because he thought he would not be fined and because he wanted to stop his drinking. Moreover, it is inconceivable that petitioner would have considered the conditions of probation more onerous than the sentence imposed, a fact borne out by initiation of the present proceeding.

The writ is discharged and petitioner is remanded to the custody of the Sheriff of the County of Santa Barbara.

Herndon, Acting P. J., and Fleming, J., concurred.