**Peter Daniel BOGART and June Bogart, Appellants,**

**v.**

**PEOPLE OF the STATE OF CALIFORNIA, Superior Court of the State of California for the County of Los Angeles, the Honorable Charles H. Carr, United States District Judge, and the United States Court of Appeals for the Ninth Circuit, Appellees.**

**No. 20050.**

United States Court of Appeals Ninth Circuit.

Jan. 13, 1966.

Rehearing Denied Feb. 21, 1966.

Peter D. Bogart, Los Angeles, Cal., pro se and for appellant June Bogart.

Evelle J. Younger, Dist. Atty., of L. A. County, Robert J. Lord, Deputy Dist. Atty. of L. A., Los Angeles, Cal., for appellees.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

Peter Daniel Bogart, an attorney, appears before us in propria persona, and on behalf of his wife, June Bogart. Both are at liberty on bail. Both were defendants in criminal proceedings in the State Courts of California. They allege that in the state court they were indicted in No. 285–313 (Los Angeles County), charged with forgery in nineteen counts (Calif.Penal Code § 470) and grand theft in five counts (Calif.Penal Code § 487 (1)).

Previously, with respect to prosecution No. 270–096, pending in Los Angeles County of the State Courts of California, the plaintiff Peter D. Bogart was granted a writ of prohibition by the Supreme Court of California (Cf: 60 Cal.2d 436, 34 Cal.Rptr. 850, 386 P.2d 474 (1963)) restraining the further prosecution of the action against him by reason of the denial of counsel for him at his preliminary hearing.

Plaintiff alleged that during the proceedings in the second charge against them in Los Angeles County (No. 285–313), sixteen counts charged against defendants were dismissed, and the People appealed from this dismissal. Before this appeal was determined, the remaining counts were set down for trial.

Appellant Peter Bogart thereupon filed on March 26, 1965, in the United States District Court, a petition for removal of the state prosecution to the United States District Court for the Southern District of California, relying upon the provisions for removal of civil rights cases (28 U.S.C. § 1443). Petitioner claimed in his petition that among other things (a) he was subjected to double jeopardy; (b) he was subjected to piece meal litigation; (c) his possessions were converted; (d) there was a lack of "proper representation by counsel" by reason of his lack of funds for investigation and expert testimony; (e) the refusal of a judge to disqualify himself, which constituted a denial of equal protection; (f) he had been denied due process; (g) he had been subjected to excessive bail. All these allegations were general in nature and conclusionary in scope. (Clk's Tr. 2–13, inclusive.) No person was named who was alleged to have committed any unlawful act or acts.

Petitioner June Bogart filed a separate petition, largely adopting the allegations made by Peter Bogart.

Notice of filing, pursuant to statute, was given to the People of the State of California.

On March 31, 1965, the Honorable Charles H. Carr of the United States District Court, on his own motion, and without a hearing, made two orders remanding each respective petitioner's case to the Superior Court of the State of California, in and for the County of Los Angeles, stating (after a recital of the petitioners' claims):

"The petition for removal fails to state facts showing that petitioner is denied, or cannot enforce, in the state courts of the State of California, any rights secured to him by any law providing for the equal rights of citizens of the United States within the provisions of Title 28 U.S.C.A. Section 1443."

Petitioners on April 5, 1965, then moved in said district court (a) to vacate the district court's order; (b) for assignment of counsel for defendant-petitioners; and (c) to require certain state court files to be filed with the district court.

On April 8, 1965, petitioners gave notice of a motion in the district court to stay all state court proceedings.

The record before us does not disclose if this motion was acted upon. This court was advised by petitioner Peter Bogart (by letter dated May 6, 1965), that both the April 5th and April 8th motions were denied on April 19th, 1965, after a hearing. We conclude no stay was ever issued by the district court, perhaps because on April 9, 1965, petitioners filed notice of an appeal with this court from the original, or March 31st, 1965, remand order.

On April 28, 1965, there was filed with this court an application for a stay of

all proceedings in the state courts pending the hearing of the appeal in this court. The application for stay was noticed for hearing on May 10, 1965, at which time we granted each side, upon their request, leave to file briefs. Upon receipt of such briefs, on May 18, 1965, a panel of this court denied the stay of state court proceedings. The matter proceeded in the state courts, and on July 22, 1965, appellants were convicted therein.[1] A motion for new trial was made, and on September 28, 1965, denied, and defendants sentenced to state's prison and the California Institution for Women, respectively, for the term prescribed by law, each sentence to run concurrently as to each defendant.

On September 30, 1965, the author of this opinion issued an ex parte order on behalf of appellants Peter D. and June Bogart against the People of the State of California and the Superior Court of the State of California in and for the County of Los Angeles returnable on October 6, 1965, to show cause why one of the alternative methods of relief, requested in a petition filed by the appellants with this court on the same day, should not be granted, i. e., (1) an order enjoining and restraining the Superior Court of the State of California in and for the County of Los Angeles from proceeding in criminal case No. 285–313 "after September 4, 1965" (sic), or (2) an order granting leave to file a petition for writ of mandamus in the United States District Court; or (3) an order remanding the cause to the United States District Court for the limited purpose of securing process of the United States District Court in aid of execution of a certain stay order allegedly previously issued by the Supreme Court of the United States. An order was further issued, ex parte, shortening time.

Attached to this petition filed September 30, 1965, was a certified copy of an order issued by Associate Justice William O. Douglas of the Supreme Court of the United States, dated September 4, 1965 (received by the Clerk of this court on September 14, 1965), reading as follows:

*"UPON CONSIDERATION* OF THE APPLICATION OF PETITIONERS FOR A STAY OF THE FINAL ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA;

*IT IS ORDERED* THAT THE ORDER OF SAID DISTRICT COURT BE, AND THE SAME IS HEREBY, STAYED PENDING THE TIMELY FILING OF AN APPEAL IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT. THIS STAY IS TO CONTINUE IN EFFECT PENDING THE DISPOSITION OF THE APPEAL IN THE ABOVE-ENTITLED CASE BY THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT."

At the hearing of October 6, 1965, it was represented to this court by both counsel that the stay order issued by Mr. Justice Douglas hereinabove set forth was served by mail on the Clerk of the Superior Court of Los Angeles County on September 10, 1965; and sometime thereafter on the District Attorney of Los Angeles County, and on September 28, 1965, on the State Superior Court judge trying the case, in open court. Apparently, because the Supreme Court order stayed the remand of the district court to the state court, and was thus directed only to the United States District Court, it was not considered binding by or on the California state courts.

Nevertheless, the Los Angeles District Attorney did, on or about September 20, 1965, forward to the Supreme Court of the United States a document entitled "Application for Clarification or Vacation of Stay Order Before September 28, 1965" stating (among other things):

---

1. In case No. 285–313, Peter Daniel Bogart was found guilty of six counts; June Bogart of nine counts. Case No. 270–096 was dismissed.

"The People [of the State of California] cannot determine from the stay order of September 4, 1965 whether such sentencing should now be held in the State Court, the Federal District Court, or not at all. * * *

QUESTIONS

1. Should defendants' motion and their sentencing (contingent, of course, on that motion's denial) now be held, and, if so, whether in the Federal or California courts?

2. What is the effect of the stay order on proceedings held prior to the date it was made: that is, does the issuance of this stay order cancel, suspend, or otherwise modify the results of the trial held between April 26 and July 22, 1965?"

On October 2, 1965, the Clerk of the Supreme Court of the United States advised both parties:

"An application for clarification or vacation of the stay order filed in the above entitled case on September 21st has been returned by Mr. Justice Douglas with the following notation:

'Application denied.

W. O. D.
September 29, 1965' "

On October 6, 1965, this court issued an order, reading as appears in the margin.[2]

On November 10, 1965, oral argument was heard. At that time counsel for appellants charged that certain documents, allegedly filed by them both with the Clerk of the United States District Court for the Southern District of California, and with the Clerk of the Superior Court of the County of Los Angeles, State of California, had "disappeared" from the files. We find no basis for any such contention with respect to the files in either the federal courts[3] or the state courts of California.

Thus we finally reach the merits of this appeal.

Title 28, U.S.C. § 1443, provides for the removal of a pending criminal prosecu-

2. "Appellants having, on April 9, 1965, appealed to this Court from the order of the United States District Court of March 31, 1965, remanding this action to the Superior Court of the State of California in the County of Los Angeles, and the Honorable W. O. Douglas, Associate Justice of the Supreme Court of the United States, having, on September 4, 1965, ordered that the order of the United States District Court be stayed, pending disposition of this appeal, it is hereby

Ordered, that the People of the State of California, Appellee, and the Superior Court of the State of California in the County of Los Angeles be and they are each hereby restrained and enjoined from giving any force or effect to the judgment or judgments of conviction entered in said Superior Court on September 28, 1965, in action No. 285313, and from taking any further proceedings in that action until the expiration of said stay granted by the Honorable W. O. Douglas or until the further order of this Court.

It is further ordered that this appeal be expedited. Appellants' opening brief shall be filed by October 21, 1965, appellees' brief by October 28, 1965, and appellants' reply brief by November 8, 1965. The matter is set down for oral argument in the Courtroom of this Court at San Francisco at 2:00 P.M. [November 10, 1965] All briefs may be typewritten, an original and three clearly legible copies to be filed."

3. We have examined the original Clerk's File in this matter in the United States District Court, and the docket entries of that Clerk, relating to this cause. There was brought up on this appeal Volume II of the Clerk's Transcript of the state court action (pp. 346–402) (Los Angeles Superior Court, No. 285–313, appeal from an order setting aside the Information, Second Appellate District, California District Court of Appeal, No. C.A. 10317) which contained copy of Indictment of Superior Court of Los Angeles County charging conspiracy in violation of Penal Code § 182, sub. 1, 4 and 5. This was the only document filed with the Clerk other than the usual pleadings, notices and orders.

tion from any state court to the District Court of the United States when it is:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

By the Civil Rights Act of 1964 (Title IX, § 901), 28 U.S.C.A. § 1447(d) was amended to permit an appeal from an order remanding a case to the state court from which it was removed pursuant to § 1443. This is such an appeal.

The district court stated it remanded the removed action to the state courts because:

"The petition for removal fails to state facts showing that petitioner is denied, or cannot enforce, in the state courts of the State of California, any rights secured to him by any law providing for the equal rights of citizens of the United States within the provisions of Title 28, U.S.C.A., Section 1443." (Clk's Tr. 19, 21)

During oral argument we requested counsel for the District Attorney of Los Angeles County to go over the petitioners' allegations contained in the petition for removal, allegation by allegation, and line by line. Each allegation was discussed, and each characterized as "generally conclusionary allegations unsupported by facts."

With one exception, we agree. This exception, we will discuss later.

We have commented before on the sensitivity of all courts to the potential for abuse in alleged civil rights proceedings where no adequate factual basis is recited for the conclusions drawn. Hoffman v. Halden, 268 F.2d 280, 294 (9th Cir. 1959); Stiltner v. Rhay, 322 F.2d 314, 316 n. 4 (9th Cir. 1963).

Here, in reading the petition, we do find the petition clearly to be generally conclusionary, and lacking any factual basis for an alleged deprivation of a civil right, save and except page 3, lines 25 to 30. There petitioners alleged:

"Petitioners' property has been converted, and virtually the entire contents of his home and office * * removed unlawfully * * * without warrant or other lawful authority."

But there is no allegation either appellant has been denied his or her right to sue for conversion, or that any unlawfully seized property has been offered in evidence against either, or who has the property, or who took it, or whether the alleged conversion occurred during an arrest, or whether any legal action was attempted by either appellant to obtain legal redress. And see Steele v. Superior Court of California, 164 F.2d 781 (9th Cir. 1947, 1948).

To the contrary, the petition itself discloses a willingness on the part of California law, and California courts to vindicate and maintain appellants' constitutional rights, as is evidenced by Peter Bogart's success in the California Supreme Court. (60 Cal.2d 436, 34 Cal. Rptr. 850, 386 P.2d 474 (1963).)

Petitioner asks us to *assume* that California offers no protection against illegal search and seizure; that only state employees can file criminal complaints; that California courts will not enforce their own writs; that double jeopardy is no defense in California; that once an indictment has been found there can be no superseding indictment under California law; that right to counsel includes the right to payment to petitioner by the State of California for costs of investigations and payment for "scientific experts"; and that California affords no protection against excessive bail.

Something more than bare conclusionary statements must be presented

**382**

before we can be convinced we should make such assumptions.

Section 1446(a) of Title 28, United States Code, requires that the petition for removal contain "a short and plain statement of the *facts* which entitle him or them to removal * * *." (Emphasis added.)

This is not an appropriate case in which to decide whether the restrictive construction given the statute in State of Virginia v. Rives, 1879, 100 U.S. 313, 25 L.Ed. 667; Gibson v. State of Mississippi, 1896, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075, and similar cases should give way to the doctrine of unequal application of laws of general application, see, e. g., Fowler v. State of Rhode Island, 1953, 345 U.S. 67, 73 S.Ct. 526, 97 L.Ed. 828; Niemotko v. State of Maryland, 1951, 340 U.S. 268, 71 S.Ct. 325, 95 L.Ed. 267; Yick Wo v. Hopkins, 1886, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, since, as we said above, the record before us provides no reliable backdrop for consideration of such problems. Compare People of State of New York v. Galamison, 2 Cir., 1965, 342 F.2d 255, 266; Rachel v. State of Georgia, 5 Cir., 1965, 342 F.2d 336.

The order of the district court remanding the cause to the state court is affirmed.