[Crim No. 11554.   In Bank.   Dec. 13, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALVIN HARRIS et al., Defendants and Appellants.

Cleveland Peart, in pro. per., Joseph V. Mazziotta and Richard R. Beswick, under appointment by the Supreme Court, and Chapman & Sprague for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Mark W. Jordan, Deputy Attorneys General, for Plaintiff and Respondent.

MOSK, J.—A jury found defendants Alvin Harris and Cleveland Peart guilty of two counts of first degree robbery (Pen. Code, §§ 211, 211a). The jury also found that Harris was armed with a deadly weapon at each of the two robberies, and further found to be true allegations charging him with two prior convictions of robbery. Each defendant was sentenced to state prison, the sentences on each count to run concurrently. Both defendants appealed.

We are once again called upon to decide whether failure to provide counsel at the preliminary examination requires reversal of the ensuing judgment of conviction when the defendant did not move under section 995 of the Penal Code to set aside the information. We conclude that failure to thus present a timely challenge to the information precludes the right to raise the issue on appeal (Pen. Code, § 996); and as defendants' other contentions are without merit, the judgments of conviction must be affirmed.

Defendants robbed a liquor store on November 1, 1965, and a dairy drive-in on November 17, 1965. They do not contest the sufficiency of the evidence of their guilt of either crime, and thus it is unnecessary to detail the events surrounding the robberies except insofar as they are related to the arguments advanced on this appeal.

The record fails to show that the committing magistrate fully discharged his obligations under section 859 of the Penal Code, which requires him to "inform [the defendant] of his right to the aid of counsel, ask him if he desires the aid of counsel, . . . . If the defendant desires and is unable to employ counsel, the court must assign counsel to defend him." In *Bogart* v. *Superior Court* (1963) 60 Cal.2d 436, 439 [34 Cal.Rptr. 850, 386 P.2d 474], we explained that "Section 859 imposes upon the court the affirmative duty to ascertain whether defendant desires counsel, and in such instance, to assign counsel if defendant is unable to procure representation." (See also *People* v. *Diaz* (1962) 206 Cal.App.2d 651, 661 [24 Cal.Rptr. 367].)

The felony docket sheet of the justice court shows only that the preliminary examination was set for January 28, 1966, but continued to February 4, 1966, "at request of defendant." It relates that Harris requested counsel, but fails to indicate that he was apprised of his right to appear with counsel of his choice or, if he was indigent, with appointed counsel.

At the preliminary examination, held in the same court on February 4, Peart was represented by a public defender but Harris appeared in propria persona. The latter's appearance without counsel was discussed at the outset of the preliminary examination as follows: " [Deputy public defender]: May the record show that the office of the Public Defender is appearing only to represent Mr. Cleveland Peart? It is my understanding that Mr. Alvin Harris is appearing propria persona. The Court: This is my understanding. [Deputy district attorney]: May I ask the Public Defender did that come about

because Mr. Harris refused to be represented by a member of the Public Defender's office? [Deputy public defender]: I have only been informed that the order appointing the Public Defender's office to represent Mr. Harris has been vacated. The Court: The previous record will show that Mr. Harris did, in fact, divest himself of counsel here in court. [Deputy public defender]: I was not present in that instance, your honor. The Court: I know you were not.''

The record thus shows only that defendant requested counsel; it fails to reflect that he knowingly and intelligently waived his right to counsel. Under our decisions, it is clear there was no waiver. ▆ As we said in *People* v. *Stewart* (1965) 62 Cal.2d 571, 581 [43 Cal.Rptr. 201, 400 P.2d 97], affd. *sub nom. Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], ''in order to establish a waiver of the right to the assistance of counsel the record must indicate that the defendant was advised of his right to counsel and to remain silent or that he knew of these rights and intelligently and knowingly waived them.'' (See also *In re Smiley* (1967) 66 Cal.2d 606, 614-615 [58 Cal.Rptr. 579, 427 P.2d 179].) ▆ On this silent record we cannot presume that Harris waived his right to be represented by counsel at the preliminary examination. Since the record fails to show that the exacting commands of section 859 of the Penal Code were followed, Harris was erroneously required to participate in the preliminary examination unaided by counsel and his commitment could have been found to be illegal. (See *Bogart* v. *Superior Court, supra,* at p. 440 of 60 Cal.2d.)

Had Harris objected to his illegal commitment by moving under section 995 of the Penal Code to set aside the information, and had that motion been denied, we would be required to decide whether failure to grant the motion necessitates a reversal of the judgment of conviction in the absence of any showing of prejudice. The People argue that the preliminary examination, as practiced in this state, is not a ''critical stage'' of the proceedings, and accordingly that prejudicial error does not result where the committing magistrate fails to appoint counsel at the preliminary examination. But we need not reach that question in the case at bar.[1]

---

[1]*Bogart* v. *Superior Court, supra,* and *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304], emphasize the importance of the preliminary examination. On the other hand, the Ninth Circuit Court of Appeals has concluded that under California criminal procedure the preliminary examination is not a critical stage (*Wilson* v.

We hold that the failure to move to set aside the information (Pen. Code, § 995) bars the defense from questioning on appeal any irregularity in the preliminary examination (Pen. Code, § 996).[2] We thereby follow a long line of decisions in both this court and the Courts of Appeal, uniformly holding that section 996 forecloses an attack on the preliminary examination in the absence of a motion under section 995. (See, e.g., *People* v. *Gilliam* (1952) 39 Cal.2d 235, 241 [246 P.2d 31]; *In re Tedford* (1948) 31 Cal.2d 693, 694-695 [192 P.2d 3]; *People* v. *Diaz* (1962) *supra*, 206 Cal.App. 2d 651, 659; *People* v. *Harding* (1953) 116 Cal.App.2d 65, 66 [252 P.2d 1007]; *People* v. *Greene* (1951) 108 Cal.App.2d 136, 141-142 [238 P.2d 616].)

The Legislature has provided defendants in criminal cases with a statutory opportunity to test the legality of their commitment, and it is not an undue burden to expect defendants who wish to raise this issue to proceed by filing a timely motion under section 995. When an illegally committed defendant pursues his statutory remedy, the courts will, without hesitation, invalidate his commitment. (*Bogart* v. *Superior Court* (1963) *supra*, 60 Cal.2d 436.) But to permit a defendant to question the legality of his commitment for the first time on appeal would enable him to secure a reversal of his judgment of conviction even though he was found guilty after an errorless trial. By enacting section 996 the Legislature clearly foresaw that such eventuality would place an undue burden on the administration of justice. Indeed, many defendants who may be illegally committed choose to forego their statutory remedy, recognizing that a successful motion under section 995 will operate only to delay the date of trial, since the prosecution remains free to file a new complaint and bring a new information. (Pen. Code, § 999; *People* v. *Joseph* (1957) 153 Cal.App.2d 548, 551-552 [314 P.2d 1004].) By reaffirming our cases that require such a motion, we give effect to a statutory pattern that affords an accused full oppor-

*Harris* (9th Cir. 1965) 351 F.2d 840, 844-845, reversing *Harris* v. *Wilson* (N.D. Cal. 1965) 239 F.Supp. 204, 207-211). We leave the question open until the issue is properly before us.

[2]Section 995 provides in relevant part: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . . If it be an information: 1. That before the filing thereof the defendant had not been legally committed by a magistrate. . . ." Section 996 provides in full: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section [995]."

tunity to question the legality of his commitment, but in the interest of the efficient administration of justice conditions that right upon its timely assertion.[3]

■ Both defendants further contend that certain evidence introduced at trial was derived from an illegal search and seizure. After the second robbery, the victim immediately informed the police and described defendants and their car, a red-and-white Chrysler product. The officer dispatched to the scene of the crime encountered a vehicle answering the victim's description and gave chase. Although defendants themselves were able to make good their escape, the investigating officer promptly discovered their vehicle abandoned at a service station. On approaching the car to examine its registration, he noticed two hats, two coats, and a paper sack, in plain view on the back seat. These articles were not actually removed, however, until the car had been towed away and impounded. The articles were subsequently used to link defendants to the commission of the second robbery.

Defendants rely on *People* v. *Burke* (1964) 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67], for the proposition that the police cannot search an impounded vehicle unless they have first secured a search warrant. But in that case the search centered on the unknown contents of a locked trunk, whereas here the police seized articles that were plainly in view at the time the car was found. (*People* v. *Martin* (1955) 45 Cal.2d 755, 763 [290 P.2d 855]; *People* v. *Roberts* (1956) 47 Cal.2d 374, 379 [303 P.2d 721]; *People* v. *Terry* (1964) 61 Cal.2d 137, 152 [37 Cal.Rptr. 605, 390 P.2d 381].) ■ The seizure does not become unreasonable merely because the police failed

---

[3]Even if, arguendo, we were to decide that the preliminary examination constitutes a critical stage of the proceedings under federal constitutional law, we would nevertheless conclude that the waiver provision of section 996 comports fully with the standards enunciated in *Henry* v. *Mississippi* (1965) 379 U.S. 443 [13 L.Ed.2d 408, 85 S.Ct. 564]. In that case the United States Supreme Court said: ''[A] litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not to be permitted to bar vindication of important federal rights.'' (379 U.S. at p. 447 [13 L.Ed.2d at p. 413].) In footnote 3 *Henry* further explains that ''where the state rule is a reasonable one and clearly announced to defendant and counsel'' the state rule will not be subject to attack on appeal. It is apparent that section 996, which was enacted in 1872, implements fairly a legitimate state interest in the forfeiture of rights that should be asserted upon a timely 995 motion.

to remove the articles at the first opportunity. As we have recently said, ''Since the officers could lawfully have taken possession of the evidence at the scene of the initial search, the fact that for reasons of convenience they actually did so at a different time and place does not of itself render the entire continuing search unreasonable.'' (*People* v. *Williams* (1967) *ante,* pp. 226, 230 [60 Cal.Rptr. 472, 430 P.2d 30]; *People* v. *Webb* (1967) 66 Cal.2d 107, 120 [56 Cal.Rptr. 902, 424 P.2d 342].) ▉ While defendants object that mere evidence cannot be seized, the United States Supreme Court has now abandoned the distinction between ''seizure of items of evidential value only and seizure of instrumentalities, fruits, or contraband. . . .'' (*Warden* v. *Hayden* (1967) 387 U.S. 294, 300 [18 L.Ed.2d 782, 788, 87 S.Ct. 1642, 1646].)

▉ Defendants also urge that they were deprived of their right to counsel at a critical stage of the proceedings because they were required to participate in several lineups without the presence of counsel. (*United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926]; *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951].) We have already declined, however, to apply the rule of the *Wade* and *Gilbert* cases to lineups occurring before those cases were decided. (*People* v. *Feggans* (1967) *ante,* pp. 444, 448 [62 Cal.Rptr. 419, 432 P.2d 21]; see *Stovall* v. *Denno* (1967) 388 U.S. 293, 300-301 [18 L.Ed.2d 1199, 1205-1206, 87 S.Ct. 1967].) ▉ Nevertheless, defendants are entitled to relief if they can demonstrate that the lineups were ''so unnecessarily suggestive and conducive to irreparable mistaken identification that [they were] denied due process of law.'' (*Stovall* v. *Denno, supra,* at p. 302 [18 L.Ed.2d at p. 1206].) ▉ Here, defendants make no specific allegation that their lineups were unfairly conducted, and our examination of the record convinces us that the lineup procedures adequately guaranteed defendants due process of law.

We have carefully reviewed defendants' other contentions, including those raised in their supplemental petitions prepared in propria persona, such as the court's alleged abuse of discretion in denying their motion to sever the joint trial, the alleged inadequacy of counsel at trial, and Peart's separate contention that, as he is an atheist, he should have been allowed to exclude jurors who believe in God; we find them devoid of merit.

The judgments are affirmed.

Traynor, C. J., McComb. J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

The petition of appellant Harris for a rehearing was denied January 11, 1968.