[Crim. No. 7679.   Second Dist., Div. Three.   May 26, 1961.]

In re JOHN MURAVIOV on Habeas Corpus.

Irmas & Rutter for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), and William E. Doran, Deputy City Attorney, for Respondent.

THE COURT.—Petitioner, John Muraviov, was convicted of a violation of Penal Code, section 270 (wilful omission to furnish necessary support for minor child), and he was sentenced by the Municipal Court for the Los Angeles Judicial District to serve a term of 180 days' imprisonment in the county jail therefor. Subsequently said judgment of conviction was affirmed on appeal by the Appellate Department of the Superior Court, Los Angeles.

Thereafter this court granted a writ of habeas corpus upon Muraviov's petition which alleged in essence that Muraviov was unable to speak or understand English, that he was not represented by counsel at the arraignment or at the trial, that no interpreter was present at either the arraignment or the trial, and that, by reason of all of said matters, petitioner was denied due process of law and that his constitutional rights were violated. Further proceedings in the municipal court were ordered stayed until further order of this court or final determination of this proceeding.

Return to the writ was thereafter made; hearing held before this court; and the matter was ordered submitted.

Examination of the entire record before us compels the conclusion that petitioner was not accorded due process of law; that his constitutional and statutory right to be represented by counsel was violated; that, therefore, his conviction was void and that the cause should be sent back to the municipal court for retrial in accordance with the views expressed in this opinion.

The allegations of petition for writ and supporting declaration, as well as our observation and interrogation of petitioner at the hearing before us, sufficiently establish that petitioner does not speak nor understand English, that he did not with

intelligent understanding waive his right to assistance of counsel, that he was not represented by counsel (and that he did not have the aid of an interpreter) at the arraignment or at the trial.

[■■]    There can be no doubt that due process of law and a defendant's constitutional rights are violated where the defendant's ignorance or inability to intelligently understand his legal and constitutional rights render it impossible for him to understand the nature of the proceedings being taken against him or to make an intelligent and competent waiver of counsel. (*People* v. *Chesser*, 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246]; see pp. 821-822 of said opinion and cases cited thereat.)

■■    It is established also that a defendant is entitled to counsel in any criminal action (unless he has waived his right thereto with intelligent understanding); and that habeas corpus is the appropriate remedy to protect and enforce such constitutional right by directing that the cause be retried. (*In re McCoy*, 32 Cal.2d 73, 76-77 [194 P.2d 531]; *In re James*, 38 Cal.2d 302, 313-314 [240 P.2d 596]; *cf. McNeal* v. *Culver*, 365 U.S. 109 [81 S.Ct. 413, 5 L.Ed.2d 445]; Cal. Const., art. I, § 13; Pen. Code, § 686.)

The return first shows that the register of actions recites that, when petitioner was arraigned, he was informed of the charge against him "and of his legal rights." It next appears from the record that, when the cause came on later for trial, the trial court merely asked defendant four questions to which defendant gave monosyllabic "yes" and "no" answers. One of said questions was: "Do you understand and speak English?" to which question the defendant answered, "Yes."

On the bare face of the record, this might be regarded as evidence establishing that petitioner understood and spoke English, and it undoubtedly afforded a basis for the appellate department's holding on the appeal that "[t]here is evidence to sustain the trial judge's determination that appellant understood and spoke English." However, it should be obvious that, if petitioner was unable to understand or speak English, his monosyllabic "yes" and "no" answers had no meaning.

A further examination of the record shows that petitioner did not offer any defense; that he did not testify nor cross-examine; that the trial court notwithstanding failed to inform petitioner of his right to counsel upon the trial or the sentencing, and that the trial court made no inquiries to elicit

whether petitioner was waiving right to counsel with intelligent understanding. (See *People* v. *Chesser, supra,* 29 Cal.2d 815, 821-822.)

Additionally, the trial court made no finding nor determination that petitioner understood and spoke English until nearly a month after the trial, judgment of conviction and sentence. Said determination was made in connection with the denial of a motion of defendant for an order requiring the county to pay for reporter's transcript on appeal.

The function of habeas corpus is more sweeping than direct attack by appeal; and, where it appears as it does herein that due process and petitioner's constitutional rights were denied even though the judgment of conviction is apparently valid on its bare face, this court has the duty of seeing to it that an unfair trial in violation of constitutional rights be set aside and that the cause be sent back for retrial affording opportunity to the defendant to be represented by counsel and to have the aid of an interpreter. (24 Cal.Jur.2d 445, 564-565; *In re McCoy, supra,* 32 Cal.2d 73; *McNeal* v. *Culver, supra,* 365 U.S. 109.)

Under the circumstances herein, petitioner however is not entitled to have the charge against him dismissed and to be released from constructive custody. (*In re McCoy, supra, In re James, supra,* 38 Cal.2d 302.) It is, therefore, ordered that petitioner be remanded to the municipal court for retrial with opportunity to defendant to be represented by counsel and to have the aid of an interpreter. (Pen. Code, § 1484.)