[Crim. No. 2422.    Fourth Dist., Div. One.    Oct. 3, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DANIEL SANTOS, Defendant and Appellant.

Daniel Santos, in pro. per., and Robert E. Hammons, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip M. Rosten, Deputy Attorney General, for Plaintiff and Respondent.

BROWN, P. J. — Defendant and another were tried jointly for burglary (Pen. Code, § 459) and grand theft (Pen. Code, § 487, subd. 1). One attorney had been appointed to represent both defendants and did so throughout the prosecution of the People's case. The evidence was that a house in San Diego County had been burglarized; some of the things taken were a .22 pistol, camera, two watches, tape recorder and two radios. The lady living there thought she had talked to defendant several days before the burglary; she identified him as having come to her home to inquire if she subscribed to a local newspaper.

The defendants pawned several of the stolen items the day the burglary occurred. Three days later the police found the defendants and another man asleep in an automobile in a public parking lot in Las Vegas, Nevada. Several cameras and watches in the car were in plain view of one of the policemen outside. The men were arrested for their "disorderly condition." In the automobile were a watch, tape recorder, and the .22 pistol taken in the San Diego burglary. Both defendants denied guilt. There was no conflict of interest between them.

In the second day of trial, after the prosecution had rested its case, defendant Santos moved the trial court to dismiss his counsel and to appoint new counsel for him; the trial court

denied the motion for new counsel, but allowed defendant to represent himself. The codefendant kept the attorney to the end of the proceedings. The jury found both defendants guilty. Santos appeals the judgment of conviction, raising the issue of an ineffective waiver of counsel. This court appointed new counsel for him on appeal.

Defendant's motion for new counsel during trial was based on defendant's feeling that his counsel had not made objections during the prosecution's case as defendant thought he should have, particularly in reference to an asserted unlawful search of defendant's car and seizure of evidence found inside. The trial judge responded that counsel was experienced, able, and fully performing his duties as advocate. He refused to postpone the trial then in progress in order to appoint new counsel, and offered defendant the choice of keeping his present counsel or of representing himself. Defendant chose to represent himself. The trial judge stated the trial would proceed with the codefendant's case first to make available to defendant ''some pointers on what to do.''

As the trial progressed, it developed that defendant could not read or write English and that he had come from Portugal 10 years previously; defendant said later on that he could ''talk four languages.'' The trial court knew from defendant's admission before trial that he had been convicted of a felony five years earlier.

The only claim of error is that the trial court abused its discretion in allowing defendant's trial to proceed without counsel; defendant cites *In re James,* 38 Cal.2d 302, 313 [240 P.2d 596], that the trial court cannot accept a waiver of counsel without first determining that the defendant ''understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.''

This rule, however, is subject to this qualification:

'' 'As in *People* v. *Mattson* (1959) *supra,* 51 Cal.2d at pp. 788-789 [1], 794 [18] [336 P.2d 937], the entire record establishes that defendant was fully aware of his situation when he insisted upon representing himself, and the court was not required to demand that defendant, as a prerequisite to appearing in person, demonstrate either the acumen or the learning of a skilled lawyer.' (*People* v. *Linden,* 52 Cal.2d 1, 18 [338 P.2d 397].) '' (*People* v. *Collins,* 220 Cal.App.2d 563,

573-574 [33 Cal.Rptr. 638]; *accord, People* v. *Harmon,* 54 Cal.2d 9, 15 [4 Cal.Rptr. 161, 351 P.2d 329].)

Defendant was represented by counsel throughout the prosecution's case in chief. Although defendant expressed himself poorly in English, he understood it when others spoke. With the trial court's aid, and following the lead of his codefendant's counsel, the defendant presented his defense, called and examined witnesses, and argued to the jury.

The determination of whether there is a waiver of the right to counsel depends upon the facts of each particular case (*In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]). On appeal, defendant has the burden of establishing that he did not competently and intelligently waive this right (*Moore* v. *Michigan,* 355 U.S. 155, 161-162 [78 S.Ct. 191, 2 L.Ed.2d 167]). Our review of the record shows he has not met this burden. There was no abuse of discretion in the trial court's acceptance of defendant's waiver (*cf., People* v. *Terry,* 224 Cal.App.2d 415 [36 Cal.Rptr. 722]; *In re Kelly,* 242 Cal.App.2d 115, 221-223 [51 Cal.Rptr. 148]); implicit in this ruling was a determination that defendant intelligently and understandingly made a choice to which he was entitled. An example of the opposite situation is found in *In re Muraviov,* 192 Cal.App.2d 604 [13 Cal.Rptr. 466].

While it would have been desirable to have an explicit determination of an intelligent waiver appear upon the record, *People* v. *Mattson,* 51 Cal.2d 777, 790-791, fn. 5 [336 P.2d 937]; *In re Woods,* 64 Cal.2d 3, 9 [48 Cal.Rptr. 689, 409 P.2d 913], it is not an absolute requirement; here an intelligent waiver may be inferred from all the circumstances.

Counsel argues that since defendant could neither read nor write English, he would be considered to be of "dull mentality," thereby rendering ineffective his attempted waiver of counsel, as well as unduly handicapping his efforts to defend himself, citing *In re Levi,* 39 Cal.2d 41, 47 [244 P.2d 403]. A conclusion of "dull mentality," however, does not necessarily follow from illiteracy in English. Defendant's recognition of areas of objectionable evidence, for example, search and seizure, is illustrative of mental alertness on his part.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1966.