CHRISTIAN, J.
 

 Defendant appeals from a judgment of conviction of felony, robbery in the first degree. (Pen. Code, § 211.) Appellant appeared without counsel at his arraignment in the municipal court, at the preliminary hearing, and at the ensuing jury trial in the superior court. He now contends that he did not intelligently waive his right to counsel and that the trial court’s failure to procure certain material witnesses deprived him of due process of law. We have determined that appellant did not effectively waive his right to counsel; it is therefore unnecessary to consider his other contentions.
 

 The first court appearance reflected in the record is the arraignment in municipal court. When appellant’s case was called, a deputy public defender announced to the court that appellant wished to represent himself and to have a statement of rights made by the court. The magistrate then advised appellant that he was entitled to be represented by an attorney of his choice “or the Public Defender in this ease, or if you so desire . . . you have the right to represent yourself.” Appellant was advised that he could subpoena witnesses in his behalf, could confront witnesses against him, and had the right to a speedy trial. (See Pen. Code, §§ 686, 987.) In response to an inquiry by appellant, the magistrate informed him that he could use the county jail law library, if there was one, and could make telephone calls under certain conditions. At the preliminary hearing, the same magistrate inquired: “The Court, Mr. Cummings, gave you an oppor
 
 *340
 
 tunity to be represented by the Public Defender or private counsel or yourself. I think you have chosen to represent yourself, is that correct?” Defendant replied: “That is correct.”
 

 The preliminary hearing was continued for nine days, and before the hearing began a similar exchange took place. The People then called the first witness, a taxi driver who had allegedly been robbed at gun point of $20 by appellant. Appellant cross-examined the witness. The next witness, the arresting officer, was also cross-examined by appellant.
 

 When the People rested, appellant requested that he be permitted to present a defense witness; the court advised him that it would be better not to reveal his defense at that time. Appellant stated that he had mailed subpoenas, but the clerk informed the court that there were no returned subpoenas in the file. Appellant then called a deputy sheriff assigned to the county jail, apparently for the purpose of demonstrating that appellant had not been allowed to use the law library because the court had not issued an order permitting him to do so. After this problem was explained to the court, the following exchange occurred:
 

 “The Court: Did you ask for the Public Defender?
 

 “Mr. Cummings: I most certainly did not. I asked to go pro per.
 

 ‘ ‘ The Court: Anything else you wish to say ?
 

 “Mr. Cummings: No, sir.
 

 ‘ ‘ The Court: All right, you may be seated. ’ ’
 

 Appellant was held to answer. At the arraignment in superior court, he pleaded not guilty and admitted a prior conviction of a felony, issuing a cheek without sufficient funds. The court ordered the sheriff to allow appellant to use the county jail law library, to interview certain named witnesses, and to make three telephone calls per day.
 

 The trial commenced without additional inquiry by the court into appellant’s waiver of counsel. Appellant’s major defense was that certain items of clothing (a turban, jacket, and boots) taken from him while he was in custody and admitted into evidence for the purpose of establishing his identity as the alleged robber, had been seized without a warrant. Appellant also repeatedly complained to the court that an alibi witness had failed to appear, although he had subpoenaed her. It does not appear that the subpoena had been served. Appellant did not specifically move for a continuance or for process to compel the witness’ attendance, but the court did not explain to appellant the procedure for com
 
 *341
 
 pelling attendance. (See Cal. Const., art. I, § 13; Pen. Code, §§ 1326-1332.)
 

 In the course of the trial appellant demonstrated some familiarity with legal jargon, but scant knowledge of the law. It is justly stated in respondent’s brief that appellant represented himself “in an aggressive and arrogant manner using a jumble of legal and semi-legal terms and concepts.” He attempted to exclude the turban, jacket and boots from evidence on the grounds that they were seized without a warrant, even though they were taken while appellant was in custody following his arrest. He failed to attack the lawfulness of the arrest. He also was ignorant of the proper procedure for subpoenaing witnesses.
 

 The right to counsel is guaranteed at the arraignment and preliminary hearing as well as at the trial. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 13; Pen. Code, §§ 686 858-860, 866.5, 987;
 
 People
 
 v.
 
 Phillips
 
 (1964) 229 Cal.App.2d 496, 499-501 [40 Cal.Rptr. 403];
 
 Bogart
 
 v.
 
 Superior Court
 
 (1963) 60 Cal.2d 436, 438-439 [34 Cal.Rptr. 850, 386 P.2d 474] The accused is entitled to waive his right to counsel and represent himself. “Except in certain situations not here pertinent [see Pen. Code, §§ 859a, 860, 1018], the court cannot force a competent defendant to be represented by an attorney.”
 
 (People
 
 v.
 
 Mattson
 
 (1959) 51 Cal.2d 777, 788-789 [336 P.2d 937]; Cal. Const., art. I, § 13; Pen. Code, § 686;
 
 People
 
 v.
 
 Terry
 
 (1964) 224 Cal.App.2d 415, 418 [36 Cal.Rptr. 722].)
 

 To establish that counsel was effectively waived, it must be shown that the accused was offered counsel and that he intelligently and understandingly waived his right.
 
 (Rice
 
 v.
 
 Olson
 
 (1945) 324 U.S. 786, 788-789 [89 L.Ed. 1367-1369, 65 S.Ct. 989];
 
 In re Smiley
 
 (1967) 66 Cal.2d 606, 620-621 [58 Cal.Rptr. 579, 427 P.2d 179];
 
 In re Johnson
 
 (1965) 62 Cal.2d 325, 334-335 [42 Cal.Rptr. 228, 398 P.2d 420].) 1 ‘ The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.”
 
 (Johnson
 
 v.
 
 Zerbst
 
 (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357];
 
 In re Johnson, supra,
 
 at 335.) This determination must be made before any plea is accepted by the trial court.
 
 (Ibid; In re Woods
 
 (1966) 64 Cal.2d 3, 8-9 [48 Cal.Rptr. 689, 409 P.2d 913]; see Pen. Code, § 1018.) The courts
 
 *342
 
 will not lightly find that there has been a waiver and will indulge in every reasonable presumption against a waiver of a fundamental constitutional right.
 
 (Johnson
 
 v.
 
 Zerbst, supra; Moore
 
 v.
 
 Michigan
 
 (1957) 355 U.S. 155, 161 [2 L.Ed.2d 167, 172, 78 S.Ct. 191] ;
 
 People
 
 v.
 
 Carter
 
 (1967) 66 Cal.2d 666, 669-670 [58 Cal.Rptr. 614, 427 P.2d 214] ;
 
 People
 
 v.
 
 Douglas
 
 (1964) 61 Cal.2d 430, 434-435 [38 Cal.Rptr. 884, 392 P.2d 964].)
 

 “In order for a trial judge to determine whether there has been a competent and intelligent waiver of counsel, he must first ascertain whether the defendant clearly understands the nature and effect of his waiver.”
 
 (People
 
 v.
 
 Chesser
 
 (1947) 29 Cal.2d 815, 822 [178 P.2d 761, 170 A.L.R. 246] ;
 
 In re Johnson, supra,
 
 62 Cal.2d at 335.) More than a superficial inquiry is required of the trial court.
 
 (People
 
 v.
 
 Carter, supra,
 
 66 Cal.2d at p. 673.)
 

 A waiver cannot be accepted “from anyone accused of a serious public offense without first determining that he 1 understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted. ’ ”
 
 (In re James
 
 (1952) 38 Cal.2d 302, 313 [240 P.2d 596] ;
 
 People
 
 v.
 
 Collins
 
 (1963) 220 Cal.App.2d 563, 573 [33 Cal.Rptr. 638].) While this determination is for the trial judge to make, in the present ease no attempt was made at any stage of the proceedings below to inquire into appellant’s ability to defend himself or into his understanding of the offense charged—its nature, pleas, defenses, or punishment.
 
 (People
 
 v.
 
 Carter, supra,
 
 66 Cal.2d at pp. 672-673;
 
 In re Kelly
 
 (1966) 242 Cal.App.2d 115, 119-120 [51 Cal.Rptr. 148], disapproved on other grounds;
 
 In re Smiley, supra,
 
 66 Cal.2d at pp. 625-626.) Here the only inquiries made by either the magistrate or the trial judge were as to whether it was true that appellant had chosen to represent himself. The court failed to take the essential second step of determining appellant’s competency to waive his right to counsel. A waiver “may be made only by a defendant who has been apprised of his rights and who has ‘an intelligent conception of the consequences of his act.’ ”
 
 (People
 
 v.
 
 Douglas, supra,
 
 61 Cal.2d 430, 435.) Here the entire record suggests that appellant was not fully aware of his situation when he attempted to waive his right to counsel (Cf.
 
 People
 
 v.
 
 Santos
 
 (1966) 245 Cal.App.2d 337, 339 [53 Cal.Rptr. 859] [waiver at end of People’s case in chief; defendant allowed to post
 
 *343
 
 pone his defense while observing co-defendant’s counsel present defense]
 
 ; People
 
 v.
 
 Collins, supra,
 
 at pp. 573-575 [record indicated trial judge explained to defendant advantages of having attorney].) The record does not demonstrate that appellant understood the defenses available or the effect of waiving counsel.
 

 Having determined that appellant did not effectively waive his right to counsel, we need not inquire whether prejudice resulted from that denial.
 
 (People
 
 v.
 
 Smiley, supra,
 
 66 Cal.2d at p.
 
 626; In re James, supra,
 
 38 Cal.2d at p. 313.)
 

 The judgment of conviction is reversed.
 

 Devine, P. J., and Battigan, J., concurred.