**William Thomas BRYAN, Appellant,**

v.

**Dr. L. J. POPE, Warden, Appellee.**

No. 23525.

United States Court of Appeals
Ninth Circuit.

Sept. 17, 1969.

William Thomas Bryan, pro se.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., John C. Hamilton, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

Bryan is a California state prisoner, convicted of robbery, a violation of California Penal Code, section 211. Proceeding in forma pauperis, he petitioned for a writ of habeas corpus claiming, *inter alia*, that the record of California's criminal proceedings against him did not demonstrate a "knowing and intelligent" waiver of counsel. After California responded to Bryan's petition and the appellant traversed this response, the District Court denied the petition without conducting an evidentiary hearing. Our jurisdiction is conferred by 28 U.S.C. §§ 1291, 2106, 2241.

In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937), the Supreme Court announced the test for determining whether a valid waiver of counsel has occurred:

> "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused— whose life or liberty is at stake— is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, *and it would be fitting and appropriate for that determination to appear upon the record.*"

304 U.S. at 465, 58 S.Ct. at 1023 (emphasis added). See also Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1961). In the light of the entire state court record, we cannot agree that it establishes with sufficient clarity an "intelligent and competent" waiver of counsel. For example, when the state trial judge asked the appellant if he wished to represent himself, he replied, "Well, I don't exactly wish to but I am, more or less, forced to." Then, when the

judge reminded Bryan that he had offered to appoint private counsel for him, the appellant stated that he didn't recall such an offer. The record is confusing, and upon it, a certain conclusion cannot be reached. Accordingly, we conclude that an evidentiary hearing must be conducted.

Upon remand the District Court may consider it appropriate to hold the petition in abeyance in order that the California courts may, within a reasonable time, conduct the necessary hearing and first make the critical determinations bearing upon the serious constitutional issue which is apparent. See People v. Cummings, 255 Cal.App.2d 341, 62 Cal. Rptr. 859 (1967); compare Hodge v. United States, 414 F.2d 1040 (9th Cir. July 3, 1969).

Reversed and remanded.